### FREEMAN *vs.* HOLMES *et al.*

Unless there be proof of an express contract on the part of a married woman to pay for dentistry done for herself and child, she being accompanied by her husband when introduced with the child to the dentist, there can be no recovery against the wife—especially where it appears that the dentist knew nothing about her having any separate estate, and impliedly gave credit to the husband, and not to the wife.

Husband and wife. Contracts. Before Judge GRICE. Bibb Superior Court. April Term, 1878.

Reported in the opinion.

LANIER & ANDERSON; HILL & HARRIS, for plaintiff in error, cited Code, §§1753, 1754, 1757; Schouler on Dom. Rel., 77; 39 *Ga.*, 41.

A. PROUDFIT; C. L. BARTLETT, for defendants, cited 39 *Ga.*, 41; acts 1872, p. 39; Code, §1774; 54 *Ga.*, 500; Code, §4286.

JACKSON, Justice.

This was a suit in the justice court and carried by appeal to the superior court, and thence brought here. The Messrs. Holmes sued Mr. and Mrs. Milo S. Freeman for work done for Mrs. Freeman and child, the justice rendered judgment against both, and Mrs. Freeman appealed. On the appeal

the jury found for the plaintiffs again, a motion for a new trial was made and overruled, and the case is here.

Mr. Freeman accompanied his wife and child to the dentist at the first sitting. No contract was made by the dentist with Mrs. Freeman. He did not know that she had any separate estate, and the credit evidently was given to the husband.

It is his duty to support his wife and supply her with necessaries suited to her station. The fact that he introduced her shows that he regarded this as necessary work for herself and child; and in the absence of an express contract on her part to pay the debt, it cannot be collected from her separate estate. No such contract is shown. On the contrary, she swears there was none, and that the debt was her husband's; and the dentist does not contradict her. He admits that he did not even know that she had any separate estate. Afterwards he says he met her and she said the debt would be paid. But this was no promise to to pay it out of her estate; and if it had been it would have been void, being a promise to pay the husband's debt, if the credit was given to him, which is very clear from the entire evidence.

Section 2730 of the Code declares that "the contracts of a married woman are generally void;" and in the case of *Urquhart vs. Oliver*, 56 *Ga.*, 347-8, the question is asked how far the section is modified by the act of 1866, commonly called the woman's law.

She certainly cannot be surety or bind herself to pay her husband's debts; Code, §§1783, 1785. Perhaps, being a *feme sole* as to her present separate property and all her future acquisitions to all intents and purposes, she may now make any other contract, and it would be valid. Such appears now to be the law; but it is enough to say in this case that she has made no contract. The verdict ought not to stand therefore, in law against her whatever may be our view as to the justice of the debt against both her husband and herself. "Hard cases make bad law," and we have no

right to make law good or bad, but our duty is only to expound and enforce it. The judgment is reversed and a new trial awarded.

Judgment reversed.