ATLANTA & CHARLOTTE AIR-LINE RAILWAY *vs.* WOOD-RUFF.

| 66 | 707 |
| 122 | 563 |

A declaration in an action by a railroad employé against the road alleged, in brief, as follows : Plaintiff was a baggage-master on defendant's train, and in addition it was his duty to look after the condition of the cars, and generally to do everything in his power to preserve the safety of the trains and passengers. On the day of his injury he was notified that new wheels had been put under one of the cars, and that he should look out for them. Soon after leaving Atlanta the new wheels became hot and made a noise ; he went to the side door of the baggage car to see if they were in a condition to endanger the safety of the train, and while thus looking out, without fault or negligence on his part, he was stricken by the spout of a tank of defendant, resulting from the negligence of the latter in placing such tank or spout so near as to strike him while discharging his duty and looking out of said car in an ordinary and

usual manner.    It was his duty, and necessary for him to be in the position he was in at the time of the accident, and he did not and never had known that the tank was so near the track :

*Held*, that a case was substantially made by this declaration, and the court properly refused to dismiss it on general demurrer.

Railroads. Damages. Negligence. Master and servant.    Before Judge CLARK.    City Court of Atlanta.    December Term, 1881.

Reported in the decision.

L. J. WINN, for plaintiff in error.

HOPKINS & GLENN, for defendant.

CRAWFORD, Justice.

W. W. Woodruff, Jr., an employé of the Atlanta and Charlotte Air-Line Railroad Company sued the said company for an injury alleged to have been received by the fault and negligence of the defendant whilst in its service, and without any fault on his own part.    At the appearance term a general demurrer was filed to the plaintiff's declaration, which was overruled and the defendant excepted.

The allegations of the plaintiff were, that he was a baggage-master on the defendant's passenger train ; that in addition to this, his duty was to look after the condition of the cars, and generally to do everything in his power to preserve the safety of the trains and passengers ; that on the day of his injury he was notified that new wheels had been put under one of the cars, and to look out for them ; that soon after leaving the city of Atlanta the new wheels became hot and made a noise, he went to the side door of the baggage-car to see if they were in a condition to endanger the safety of the train, and while thus looking out, without fault on his part, he was stricken by the spout or tank of the defendant.    Thus, without fault or

negligence on his part, he was injured by the negligence of the defendant in placing said tank or spout so near the track as to hit him while discharging his duty, and looking out of said car in an ordinary and usual manner. He further alleged that it was his duty to look at the said wheels at the time he did, and to do so it was necessary to be in the position he was when he was hurt, and that he did not know, and never had known, that the spout and tank were so near the track.

The simple question presented by this general demurrer was, whether there was such a case made by the plaintiff in his declaration as entitled him to go to the jury with his proofs; if it did, then the ruling of the judge was right, and if it did not, then he was wrong. Plaintiff says that it was made his duty to do exactly that which he did at the time and place at which it was done, as well as in the manner of his doing it; and that to do so, it was necessary to be in the position he was when he was hurt, and that the proximity of the spout and tank to the track was unknown to him, and that there was no fault or negligence whatever on his part. The allegations we hold to be sufficient to have sent the case to the jury.

The only defect, if there be any, apparent to us is the failure to allege in connection with plaintiff's want of knowledge as to the location of the spout and tank, that it was no part of his duty as an employé of the road to have known where it was located. A special demurrer would have reached that defect in the pleadings, but none such was made, and the court had to pass on that which went to the whole case, and in our judgment was properly overruled, as the allegation that he was without fault or negligence was good on general demurrer.

Judgment affirmed.