## ROBERTS v. HAINES.

1. In the absence of any consent or agreement, either express or implied, on the part of a husband, that the earnings of his wife shall be retained by her as her separate estate, they belong to him.
2. A petition brought to recover an undivided interest in realty is not maintainable when it fails to aver of what fractional part of the whole that interest consists.
3. The petition as amended failed to set forth a cause of action, and was rightly dismissed upon the demurrer filed thereto.

Argued February 2,—Decided February 28, 1901.

Complaint for land. Before Judge Falligant. Chatham superior court. July 30, 1900.

*George W. Owens*, for plaintiff. *Denmark, Adams & Freeman* and *Walter T. Johnson*, for defendant.

LEWIS, J. This was a suit brought by Dora Roberts against Hester Haines, in the superior court of Chatham county. The petition alleged that the plaintiff and her husband, shortly after their marriage in 1876, entered into a contract with a named person, for the purchase of certain land in the city of Savannah; that she contributed to the purchase-money thereof "a large sum of money, to wit, two hundred and fifty dollars, or other large amount;" that the deed to this land should have been made to her and her husband, but that her husband, on July 31, 1883, without her knowledge or consent, had the deed made to himself alone. This deed was duly recorded. The petition further alleged that on August 4, 1883, the plaintiff's husband, Francis Roberts, without her knowledge or consent, secretly conveyed the land in question to himself as trustee for his mother, Hester Haines, for life, and on her death for the benefit of his daughter, Hester Roberts; and that on October 5, 1898, Francis Roberts and Hester Roberts conveyed all their interest in the land to Hester Haines, the defendant, putting in her the entire legal title to the land in dispute. The petitioner prayed that she might "recover of the said Hester Haines her share in the said lot of land, or that the said Hester Haines be decreed to pay her the amount of money which petitioner paid on the purchase-money of the same." To this petition the defendant demurred on the grounds that it showed that plaintiff had been guilty of gross laches; that the fraud and concealment alleged could have been discovered at any time by an examination of the records, and that the petition failed to allege that the portion of the purchase-money contributed by the plaintiff was contributed at or before the time of the execution of the first conveyance mentioned. By amendment to her demurrer, the defendant set up that the petition was insufficient to support a resulting trust, in that the plaintiff failed to state that her alleged contribution to the purchase-money ever passed through the hands of her husband, or that her husband used her money in purchasing the lot; and also that the petition was without equity, because it stated that the plaintiff's contribution to the purchase-money of the lot consisted of her earnings, which by law belonged to her husband. The court passed an

order sustaining the demurrer as amended, and dismissing plaintiff's petition, "unless the plaintiff, not later than November 1, 1899, shall file an amendment to her declaration meeting the grounds taken in the original demurrer and the amendment thereto." Within the time allowed by this order the plaintiff filed an amendment, alleging that the purchase of the land in question was made under an agreement between her and her husband and the defendant, by which each was to contribute to the purchase-money of the land such amounts as could be set aside from his or her earnings, and that each one of them did so contribute; that the defendant knew of the rights of petitioner, but kept her rights concealed from her, and allowed petitioner to occupy the house on the land withoutin any way disclosing that she (defendant) claimed more than an undivided interest therein; that, owing to the fact that she was dealing with her husband and his mother, petitioner was lulled into a sense of security by the confidence which she had in them; and that she had paid for all repairs which had been made on the premises from her own money. At the trial the court upon motion struck this amendment and dismissed the original petition, on the grounds that the amendment failed to meet the original demurrer and the amendment thereto, and that the amendment, in connection with the petition, set forth no cause of action. To this ruling the plaintiff excepted.

1. The petition in this case fails to allege that there was any consent or agreement, either express or implied, on the part of the husband, that the earnings of his wife should be retained by her as her separate estate. At common law, the earnings of the wife belonged to her husband. In Georgia, since the act of 1866, the husband may, by consent or agreement with his wife, express or implied, allow her to engage in an independent business on her own account, and to keep as her separate estate any earnings that she may make in such business. In the absence, however, of such an agreement, express or implied, the husband is entitled to his wife's earnings made during coverture. The petition in the present case alleges that the plaintiff contributed from her earnings a portion of the purchase-money of the property in dispute, but it is nowhere claimed that these earnings were her separate estate. It is upon the theory that the husband is ordinarily entitled to the earnings of his wife that the law allows him to recover in his own right for personal

injuries sustained by her while they are living together in a state of coverture. While it is true that the act of 1866 has wrought many changes in the law with reference to the separate estate of a married woman, there is still imposed upon the husband the obligation to support his wife, with the corresponding right to her services and earnings during coverture. This principle is recognized in the case of *Brunswick Light Co.* v. *Gale*, 91 *Ga.* 813 (2), in which the following language is used: " Inasmuch as the earnings of the wife belong to her husband, her individual and personal damages can be measured only by the enlightened conscience of an impartial jury." There being a failure, then, to allege in the petition in the present case that the earnings or contributions claimed to have been invested by the wife constituted a part of her separate estate, we think it was proper to sustain the demurrer on this ground.

2. This suit was brought to recover an undivided interest in realty. It nowhere appears either in the petition or the amendment what interest the plaintiff claims. While in a vague and very general way the petitioner alleges that she contributed to the purchase-money of the land in dispute " two hundred and fifty dollars, or other large sum," she fails to allege what fractional part of the entire purchase-money this sum constituted. This omission was a fatal defect, for under the petition it could not have been possible to determine what interest in the land the plaintiff claimed, or, in lieu thereof, to what sum of money she alleged herself to be entitled as her part of the purchase-money.

3. We are clearly of opinion that the petition as originally filed set forth no cause of action, and that the defects were not cured by the amendment which was subsequently filed thereto in compliance with the order of court. We will not, therefore, disturb the judgment of the court below.

*Judgment affirmed. All the Justices concurring, except Simmons, C. J., and Cobb, J., absent.*