## KEMP *v.* CENTRAL OF GEORGIA RAILWAY COMPANY,

### and *vice versa.*

1. In view of the statutory presumption of negligence, the plaintiff proved her case as laid when she established that her husband had been killed by the defendant's engine and cars.
2. Hearsay testimony having no probative value, the prima facie case was not disproved by the evidence of other witnesses for the plaintiff, who testified as to statements made in their hearing by the engineer, explanatory of the circumstances under which the deceased was killed.
3. The more liberal the law in the allowance of amendments, and the less the necessity of formalities in pleading, the greater the right of the defendant by special demurrer to call for a full statement of the facts out of which the plaintiff's cause of action arises.
4. While the petition was good as against a general demurrer, it did not make the full statement required by the Civil Code, § 4960, nor did it put the defendant upon notice of what was intended to be proved; and the special demurrer should have been sustained.

Argued February 11, — Decided March 27, 1905.

Action for damages. Before Judge Daley. Bulloch superior court. April 26, 1904.

The petition alleged, that the defendant, by the running of its locomotive, cars, and machinery in a careless, negligent, and improper manner, ran over and killed the plaintiff's husband between Parish station and Metter station in Bulloch county; that the killing was done by a passenger-train going west upon a straight track; "that heretofore, in the county aforesaid, the defendant by its carelessness, negligence, and improper conduct, and by the carelessness, negligence, and improper conduct of its officers, agents, servants, and employees in the running and operating of its locomotives, cars, and machinery, on or about February 12, 1902, recklessly and wantonly ran over, mangled, crushed, and killed B. J. Kemp, the husband of petitioner." The defendant demurred on the ground that the petition stated no cause of action, and did not make it to appear that there was any duty of diligence on the part of the defendant to the deceased. It specially demurred on the grounds, that the plaintiff's cause of ac-

tion was not set forth fully, plainly, and distinctly; that it was not alleged how or in what manner the injury was inflicted; that it did not appear from the petition that there was any duty of diligence on the part of the defendant; and that it did not appear that the deceased was free from fault. The court overruled the demurrer. The case was submitted to the jury, and at the conclusion of the plaintiff's evidence the court granted a nonsuit, to which the plaintiff excepted. The defendant filed a cross-bill of exceptions.

*H. B. Strange* and *Evans & Evans,* for plaintiff.
*Lawton & Cunningham,* for defendant.

LAMAR, J. ' (After stating the foregoing facts.) Evidence that the plaintiff's husband had been killed by the running of defendant's cars raised the statutory presumption of negligence. This was sufficient to prevent the nonsuit, unless the other testimony for the plaintiff disproved the prima facie case thus made. Exclamatory remarks are a part of the res gestæ, and entitled to be considered as evidence by the jury But testimony by another witness for the plaintiff, as to explanatory statements made by the engineer as to the circumstances of the killing, and why he did not see the deceased in time to stop before running over him, was mere hearsay, and of no probative value even after it had been received without objection. Hearsay evidence could not disprove what had been otherwise established. *Suttles* v. *Sewell,* 107 *Ga.* 216; Civil Code, §§ 5179, 3034.

As the nonsuit should not have been granted, it becomes necessary to consider the cross-bill assigning error upon the refusal of the court to sustain the demurrer. The allegations in the petition were of the most general nature, and, beyond the fact of homicide, gave the defendant little or no indication of what was expected to be proved. The petition did not show whether the deceased was an employee, licensee, or trespasser Each of these relations raised a particular duty. What might have been negligence as to one would not necessarily have been so as to the other. The petition did not show whether the homicide was at a crossing, at a point distant therefrom, or at a place where the defendant was bound to be on the lookout for pedestrians. It did not allege whether the plaintiff was walking, standing, or lying on the track; and if the

latter, whether he was there voluntarily or because of some sudden access of sickness.   Except inferentially, it is not charged that the employees saw him or could have seen him, or that they knew of his danger and realized that he could not avoid the danger by stepping from the track to a place of safety.   Such evidence as was finally admitted shows that these allegations were material. But the defendant was entitled to information on those subjects before the trial began.   In some jurisdictions the petition would have been held to be bad in substance, and for that reason subject to a general demurrer on the ground that "it did not state facts sufficient to constitute a cause of action."   Under our liberal system of pleading, there being enough to amend by, the incomplete and partial statement of facts would be treated as a defect in form rather than as a defect in substance.   For that reason it was good as against a motion to dismiss on general demurrer.   It by no means follows, however, that the defendant, over its objections, could be forced to trial under pleadings which did not give notice of the breach of duty and acts of negligence for which it was sought to be made liable.   The statute has abolished all distinction between actions, and done away with many of the technical rules of pleading.   But the more of subtlety and formality it has destroyed the more valuable the substance which is left.   Practically all that is left is the requirement that the petitioner shall "plainly, fully, and distinctly set forth his charge, ground of complaint, and demand."   Civil Code, § 4960.   Even this solitary requirement has been so liberally construed as to save many a defective petition, as against a general demurrer.   And since the defendant can no more deal in generalities than can the plaintiff, where there is a defective cause of action stated he must point out the defects of which he complains.   But when by special demurrer he does so, and stands upon his statutory right, he is entitled to have the omissions supplied.   He is entitled not only to a plain, distinct statement of the plaintiff's charge, but also to a full statement of the plaintiff's "ground of complaint."   Civil Code, § 4960.   These defects can be voluntarily cured by amendment almost as matter of course, or the court can require them to be cured.   In default whereof the petition will be dismissed, there being a presumption that if the amendment were made according to the facts, it would show that the plaintiff had no cause of ac-

tion. See Civil Code, § 5048. And why should there be reluctance to cure the defect? The more liberal the right to make amendment, the more ready should the party be to make it, and the court to require it.

It is always easier to allege than prove. If the facts can not be alleged, they can not be proved. If the facts do not warrant the plaintiff in stating that which would be good as against a demurrer, he can not cure the fatal defect by evidence before the jury. If the facts as alleged set forth a case the law of which is doubtful, it is far better for the parties, for witnesses, and for the country that they should be passed upon as a matter of law than to prove the same facts and have the same result reached by a motion to dismiss, direction of verdict, or nonsuit. *R. & D. R. Co.* v. *Mitchell*, 95 *Ga.* 85; *Warren* v. *Powell*, 122 *Ga.* 4. If the demurrer is sustained, the plaintiff does not lose, as was so often the case at common law, because of the violation of a technical rule of pleading. The law guarantees him against that. It is not for the want of skill or the fault of his counsel that he loses. It is his misfortune that on the admitted facts the law declares he is not entitled to recover. In view of the liberality in holding defective petitions good as against a motion to dismiss, and the almost unlimited right to amend, but with a recognition at the same time of the defendant's right to a full statement, there has been a marked tendency in our decisions to magnify the office and the importance of the special demurrer. And when the defendant calls therefor, he is entitled to a full statement of time, place, circumstance, and facts the plaintiff expects to prove, so that he may prepare his defense accordingly—whether that defense be by demurrer or by plea raising an issue to be passed on by the jury. He is entitled to a statement of issuable and traversable facts; not to general allegations of negligence or liability, which, at last, are more in the nature of conclusions than allegations of fact. The petition here, though good as against a general demurrer, was defective. The omissions were duly pointed out by special demurrer, which should have been sustained. *Russell* v. *Central Ry. Co.*, 119 *Ga.* 705; *Murphy* v. *Lawrence*, 2 *Ga.* 258; *Ellison* v. *Georgia R. Co.*, 87 *Ga.* 702; *Fontaine* v. *Baxley*, 90 *Ga.* 428; *James* v. *Ry. Co.*, 90 *Ga.* 697; *R. & D. R. Co.* v. *Mitchell*, 95 *Ga.* 85; *Blackstone* v. *R. Co.* 105 *Ga.*

380; *Georgia R. Co.* v. *Rayford,* 115 *Ga.* 938; *Atlanta Ry. Co.* v. *Woodruff,* 66 *Ga.* 709; *Warren* v. *Powell,* 122 *Ga.* 4.

*Judgment on cross-bill of exceptions reversed; main bill of exceptions dismissed. All the Justices concur.*