### 3109.   WRIGHTSVILLE & TENNILLE RAILROAD CO. *v.* VAUGHAN.

1. Where the plaintiff in a case is a female, and the question whether she is married or single is material to her right to recover, the petition should disclose whether she is married or single. This is a formal defect, but it may be reached by special demurrer.
(a) The prefix "Mrs.," before the name of a party, indicates that the party is a female, but leaves it doubtful whether she is married or single (using the word "single" in a sense broad enough to include a divorced person).
2. The office of a special demurrer to a plaintiff's petition, in this State, is to compel the plaintiff to set forth his charge or ground of complaint plainly, fully, and distinctly, where he has failed to do so.   A petitioner

can not be required by special demurrer to set forth the evidence by which he expects to prove the allegations made in his petition; but by this means he can be compelled to give a plain, distinct, and definite statement of issuable and traversable facts, instead of general allegations of liability, or vague, uncertain, or ambiguous recitals. The plaintiff, to meet a special demurrer, may amend as a matter of course, or may by order of court be compelled to amend, upon pain of dismissal for failure to do so.

3. Ordinarily the earnings of a married woman are not a part of her separate estate, but belong to her husband. Hence, where she has received a tortious personal injury, permanently impairing or destroying her earning capacity, her husband, and not she, has the right to sue for the loss, so far as relates to the period of their joint lives. This is the ordinary rule, but there are exceptions, as where the husband has, expressly or impliedly, consented for the wife to have her own earnings, or where the wife is living separate from her husband.

(a) Where a married woman sues for personal injuries, and claims the right to recover for earnings or for loss of earning capacity, the defendant may, by special demurrer, compel her to allege in what right she claims the privilege of recovering them, whether by reason of her husband's consent, or by reason of the fact that she was living in a state of separation.

(b) The rule above announced is not in conflict with the recognized rule that the jury, in estimating the damages which a married woman has suffered as a result of a personal injury, may take into consideration, on the question of the degree of her pain and suffering, the fact that her earning capacity has been impaired.

4. Primarily the husband, and not the wife, is responsible for necessaries, such as medicine and medical treatment furnished to the wife where she has sustained a personal injury; and if she seeks to hold the wrongdoer through whose act the personal injury was inflicted responsible for such expenses, incurred as a result of the personal injury, she should allege the facts essential to show an exception to this general rule, and by special demurrer she may be compelled to do so.

5. Where a special demurrer is well taken, and the court overrules it, the error is prima facie harmful, but not necessarily so. If the reviewing court can with reasonable certainty say that no harm or injury has resulted to the complaining party, a new trial will not be granted, notwithstanding an error of this nature may appear in the record; but in the present case the court can not say that the error in overruling the special demurrers was harmless.

6. When a woman suffers a tortious personal injury, impairing or destroying her earning capacity, the cause of action arising therefrom becomes a "chose in action," within the meaning of the Civil Code (1910), § 2993, and a part of her separate estate, notwithstanding her subsequent marriage, though the damages which under the law she would have been entitled to recover as a result of the tort may include compensation for loss of earning capacity, which the after-acquired husband would have been entitled to enjoy if it had not been previously destroyed by the tort. Hence, in such a case it affords no defense to

the action, based upon the loss of earning capacity, to show that she married between the date of the injury and the date of the trial.

DECIDED JUNE 7, 1911.

Action for damages; from city court of Sandersville—Judge Hawkins presiding. December 2, 1910.

*Daley & Daley, Evans & Evans,* for plaintiff in error.

*Minter Wimberly, Jesse Harris, Hardwick & Wright,* contra.

POWELL, J. Mrs. Vaughan sued the railroad company because of personal injuries received by her when a passenger on one of its trains, and recovered a verdict for $9,000. The defendant has excepted, assigning a number of grounds of error; but there are many of them as to which it will not be necessary to rule, on account of the nature of the decision which is about to be rendered in the case. The petition was brought in the name of "Mrs. Willie Mae Vaughan;" but did not state whether she was a married woman, a widow, or a divorced person. Among other elements of damages, she sought to recover for loss of salary and loss of earning capacity; it being alleged in this respect that she was employed as a traveling saleswoman and as such she was earning $100 per month. She also asked for damages on account of hospital expenses, doctor's bill, and medicine, of about $1,000 in amount. In addition to this she sought damages for certain physical injuries which were inflicted upon her, and for pain and suffering.

At the appearance term the defendant filed demurrers to the petition, on the following grounds:

"Because said petition is filed in the name of Mrs. Willie Mae Vaughan, which implies that she is a married woman, but there is no distinct allegation in said petition showing whether petitioner is a single or married woman; therefore the petition is too vague and uncertain, for this reason."

"Because, in the seventeenth paragraph of plaintiff's petition, she alleges that at the time of said accident she was employed as a traveling saleswoman, and was earning $100 per month in such capacity, but she does not allege whether she was thus engaged with the consent of her husband, or in her own right, nor does she allege any reason why she was dependent upon her earnings for her support."

"Because, in the fourteenth paragraph of said petition, certain expenditures are set forth for doctor's bill, hospital expenses, medi-

cine, and loss of salary, without such allegations as would show petitioner's right to recover for such items and expenses incurred."

"Because, under the allegations contained in said petition, plaintiff is a married woman, and as such has no right to recover for loss of time and services and for medical bill and hospital expenses, as set forth in said petition."

The court overruled the demurrers, and exceptions pendente lite were preserved.

At the trial it appeared, from the plaintiff's testimony, that at the time of her injury the plaintiff was a married woman, and that she was living separate from her husband, whose name was Smith, and that with his consent she was receiving and keeping her earnings for her own use and benefit. A divorce suit was pending between her and Mr. Smith at the time of the injury. Between the date of the injury and the date of the filing of the suit the final verdict in the divorce suit was granted, and she was married to Mr. Vaughan, with whom she was living at the time of the trial. The marital status of the plaintiff is involved in a number of different ways in the course of the decision of the points raised in the case. Some of the points arise on consideration of the demurrers just mentioned, but in the motion for a new trial the point is also made that, inasmuch as she had remarried before the bringing of the suit, her second husband, and not she, would be entitled to recover for the loss of earning capacity which the injury inflicted on her, unless, indeed, this right was in her first husband.

1. We have come to the opinion that the court erred in overruling the special demurrer by which the defendant sought to compel the plaintiff to state whether she was a single or a married woman at the time of her injury, especially in the light of the fact that the court also overruled a special demurrer which pointed out that she had not alleged whether she was engaged in business and receiving earnings of $100 a month with the consent of her husband, or in her own right, and overruled a special demurrer to the paragraph in which she alleged damages on account of doctor's bills, hospital expenses, and medicine, without further allegations to show by what right she sought to recover for these items of expense. The extent to which a woman may be damaged by personal injury usually depends upon whether she is married or single (using the word "single" in a sense broad enough to include a

divorced person). The prefix "Mrs.," appearing in connection with the plaintiff's name, is ambiguous. Cf. Ballard *v.* St. Albans Co., 52 Vt. 325. This was an ambiguity which the plaintiff should have relieved in response to the special demurrer. However, in the light of the fact that she became Mrs. Vaughan after the cause of action arose, and in the light of what we are going to hold herein as to the materiality, or rather lack of materiality, of her marriage to Mr. Vaughan, we would not reverse the judgment for this defect alone.

The most serious objection to the petition was that pointed out by the other special demurrers to which we have referred—that in it the plaintiff sought to recover damages because of the loss of her earnings, without alleging whether she was engaged in the business from which these earnings were received with the consent of her husband, or in her own right, and that she sought to hold the company liable to her for doctor's bills, hospital charges, and medicine, without stating further any reason how or why she, and not her husband, became liable for these items of expense, so as to authorize her to recover for them as a part of her damages.

2. This brings us to a consideration of the nature and use of a special demurrer in this State. This question was very ably treated in *Kemp* v. *Central Ry. Co.*, 122 *Ga.* 559 (50 S. E. 465), by Mr. Justice Lamar (whose recent and well-merited elevation to the highest court of the nation enhances even that high regard in which his opinions were formerly held by the bench and bar of this State). It is there pointed out that under our liberal system of pleading many technical rules have been abolished, and that petitions containing such incomplete and partial statements of facts as in many jurisdictions would be held bad in substance are not so regarded in this State, and if the petition contains enough to amend by, the incompleteness of statement will be treated as a defect in form, rather than a defect in substance; that general demurrer is the means of reaching defects in substance, while special demurrer is the remedy against formal defects or incompleteness of statement. It is pointed out that the code (Civil Code of 1910, § 5538) requires, as to form, that the petition shall "plainly, fully, and distinctly" set forth, not only the plaintiff's "charge," but also his "ground of complaint and demand;" that any failure to comply with this requirement can be voluntarily cured by amendment, almost as a matter of course; and the learned Justice pointedly asks:

"And why should there be reluctance to cure the defect? The more liberal the right to make amendment, the more ready should the party be to make it, and the court to require it." Then, after adverting to the proposition that it is always easier to allege than to prove, and to the inexpediency of the court's going forward with the trial of a case as to which the plaintiff, in knowledge of the facts, can not conscientiously allege enough to state a full, definite cause of action, he continues: "In view of the liberality in holding defective petitions good as against a motion to dismiss, and the almost unlimited right to amend, but with a recognition at the same time of the defendant's right to a full statement, there has been a marked tendency in our decisions to magnify the office and the importance of the special demurrer. And when the defendant calls therefor, he is entitled to a full statement of time, place, circumstance, and facts the plaintiff expects to prove, so that he may prepare his defense accordingly—whether that defense be by demurrer or by plea raising an issue to be passed on by the jury. He is entitled to a statement of issuable and traversable facts; not to general allegations of negligence or liability, which, at last, are more in the nature of conclusions than allegations of fact."

It is true that the marked tendency noticed by the learned Justice "to magnify the office and the importance of the special demurrer" probably reached its acme when the case of *Kemp* v. *Central Ry. Co.,* supra, again appeared in the Supreme Court sub. nom. *Central of Georgia Ry. Co.* v. *Brandenburg,* 129 *Ga.* 115 (58 S. E. 658), when the decision sustaining the special demurrers in that case was rendered by a divided court. The tendency of the Supreme Court and of this court is now somewhat in the other direction. Cf. *Bitlick* v. *Ga., Fla. & Ala. Ry. Co.,* 136 *Ga.* 138 (70 S. E. 1106), in which the views expressed by the dissenting Justices in the *Brandenburg* case seem to have been recognized as controlling. Despite this tendency to somewhat modify the breadth of the scope which was formerly given to the office of special demurrer, there has been no tendency to diminish the general effect of the rule, so far as it allows the defendant by special demurrer to challenge the petition, if it fails to set out the basal facts definitely and without ambiguity. As Justice Lumpkin says in the recent case of *Riley* v. *Wrightsville & Tennille R. Co.,* 133 *Ga.* 413, 421 (65 S. E. 890, 893, 24 L. R. A. (N. S.) 379): "Useless detail and elaboration

are not required. But there is no reason to permit vital facts in a case to be pleaded in vague, uncertain, or ambiguous terms, which may have the effect of not putting the adverse side on notice as to how to prepare the defense, or to allow the pleader to fail or to refuse to amend as to such matters when called on to do so by appropriate [special] demurrer." It is true, as this court held in *Cedartown Cotton Co.* v. *Miles,* 2 *Ga. App.* 79, 81 (58 S. E. 289, 290), "the plaintiff is not required to set forth the evidence, either direct or circumstantial, by which he expects to establish the traversable facts alleged in the declaration, and a demurrer can not properly be used to compel him to do so;" but, as was further pointed out in that case, there is a vast difference between setting forth the evidence and alleging specific facts upon which the plaintiff bases his case.

3. When a woman seeks to recover for lost earnings, or even for lost earning capacity, it becomes basal and important to inquire whether she was married or single, and, if married, whether she was living in a state of separation from her husband, or was entitled to receive her earnings by reason of his consent, express or implied. Notwithstanding the general contractual emancipation of married women in this State by reason of the act of 1866, embodied in the Civil Code (1910), § 2993, it is still the law that in the absence of any contract or agreement, express or implied, on the part of her husband that the earnings of his wife shall be retained by her as her separate estate, they belong to him. *Roberts* v. *Haines,* 112 *Ga.* 842 (38 S. E. 109). It is true that by the Civil Code (1910), § 2995, the acquisitions of a wife living separate from her husband belong to the wife, and it follows that "when a married woman is injured by the wrongful conduct of another, two different causes of action may arise: The one in her favor for her own pain and suffering, and the other in favor of the husband for the loss of his wife's services and for expenses incurred as a consequence of the injuries to her. These causes of action are separate and distinct, and in favor of different parties." *Ga. R. Co.* v. *Tice,* 124 *Ga.* 459, 461 (52 S. E. 916, 917). It is further held in that case that the damages ensuing to the husband are not confined to the value of her services in the household; "but when at the time of the injury she is actually engaged in a business or calling or avocation which results in earnings for the husband, and there is nothing to indicate

that there was any agreement between the husband and wife that this should terminate at any time in the future, we think that, as against the wrong-doer, the inference is to be indulged that the wife will continue the work for the benefit of her husband during that period of her life in which she is able to perform the services."

Therefore, in this case, when the plaintiff showed by her petition that she was a woman, and left it doubtful as to whether she was married or single, and whether she was living separate from her husband, or whether there was any agreement between her and her husband that she should have her own earnings, it left "vital facts in the case pleaded in vague, uncertain, or ambiguous terms," and as there was a special demurrer pointing out this very delinquency, and as the plaintiff failed and refused to amend in this respect, we are constrained to hold that the court erred in overruling the special demurrer. In ruling this we have not overlooked the fact that the wife, as well as the husband, has an interest in her earning capacity, and that she may show that she has lost that earning capacity, as proof tending to establish the degree of pain and mental anguish she has suffered, but this is a very different thing from recovering for loss of earnings or loss of earning capacity as such. *Powell* v. *Augusta R. Co.*, 77 *Ga.* 192, 200 (3 S. E. 757) ; *Atlanta Street Ry.* v. *Jacobs*, 88 *Ga.* 647 (15 S. E. 825) ; *Metropolitan R.* v. *Johnson*, 90 *Ga.* 500, 508 (16 S. E. 49).

4. Taking up, now, the special demurrer which pointed out the indefiniteness and incompleteness with which the plaintiff has set up her right to recover for doctor's bills, hospital expenses, and druggist's bills: The only allegation as to these items is as follows: "Petitioner further shows that said defendant company is indebted to her in actual damages in the following bill of particulars: Doctor's bill, $670; hospital expenses, $168; medicine, $125." Primarily the husband is bound for all necessaries furnished to the wife, whether she is living with him or separately from him, unless she is living in adultery with another man, or unless she has voluntarily abandoned him without sufficient provocation, and the husband has given notice that he will not be bound. Civil Code (1910), §§ 2996, 2997. While a married woman has such contractual ability that she can make a special contract to pay for necessaries furnished to her, still where it does not affirmatively appear that she has so contracted, and it merely appears that the

necessaries were furnished, it is to be presumed that she contracted for them in the right of her general agency for her husband, and that he, and not she, is liable for them. *Freeman* v. *Holmes, 62 Ga. 556; Rushing* v. *Clancy, 92 Ga.* 769 (19 S. E. 711). Therefore, even if we should construe the petition as capable of asserting that the plaintiff claimed that, by reason of the infliction of injuries upon her, an expenditure for necessary medical attention and supplies in the sum named arose, still prima facie this would be a damage caused to the husband, and not to her. *Lewis* v. *Atlanta, 77 Ga.* 756 (4 Am. St. Rep. 108) ; *Georgia R. Co.* v. *Tice,* 124 *Ga.* 459 (52 S. E. 916). Before she could recover for these things, it would be necessary for her to show, and therefore to allege, if required to do so by special demurrer, that her husband had failed or refused to furnish her, and that she had contracted for them on her own liability. This she failed to do, even after special demurrer calling attention to the delinquency. It seems plain that the court erred in overruling this demurrer. As the Supreme Court states it in *Roberts* v. *Haines,* 112 *Ga.* 842 (38 S. E. 109) : "While it is true that the act of 1866 has wrought many changes in the law with reference to the separate estate of a married woman, there is still imposed upon the husband the obligation to support his wife, with the corresponding right to her services and earnings during coverture." It is to be noticed, also, that under the code sections mentioned above, the prima facie liability of the husband for necessaries furnished to the wife does not cease upon his consenting for his wife to receive and to have her earnings to her own benefit.

5. Having reached the conclusion that the court committed error in overruling these special demurrers, it becomes our duty to look somewhat further into the matter; for it is not every erroneous ruling upon special demurrer that will require the grant of a new trial. The error is prima facie harmful; but there are cases in which the record demonstrates that the error was in fact harmless, and no reversal will be granted for harmless error. After a careful examination of the present record, we can not say that these errors were harmless. The record shows that the only witness who testified as to these basal facts upon which the plaintiff claimed the right to recover for her loss of earnings and earning capacity, the expenses of her medical treatment, etc., was the plaintiff herself. It is, of course, entirely possible—indeed, we may say very probable

—that her statement as to these matters is the truth; but as she declined, in response to special demurrer, to give the information in advance as to what she expected to prove as to these things, she put the defendant to the disadvantage of being unable to prepare its defense, so far as the contradiction of the matters was concerned. It may be that if the defendant had known in advance that she proposed to claim that her husband had consented for her to receive her earnings, it might have obtained the testimony of this husband and have proved the contrary by him, or might have proved that the husband was able and willing to have paid for her medical treatment.    Indeed, it is impossible to say what the defendant could or could not have proved on this subject, if it had only known what the plaintiff was going to claim as to it.    We seriously question that even under her own testimony she made out a case of liability so far as the medical treatment and other similar expenses are concerned; and we can not say whether the jury allowed these items in the computation of the damages or not.

6.    As there will likely be another trial of the case (for we assume that the plaintiff will amend to cure the deficiencies to which these special demurrers are directed), we feel that it is necessary for us to decide another point, which, if decided in favor of the plaintiff in error, would be controlling in the case.    It is insisted that since the plaintiff remarried after her injury, she can not recover damages for the permanent loss of her earning capacity, on the ground that her new husband would be entitled to her earnings.    We do not think that the point is well taken.    When a tort is committed upon a married woman, the right to sue for damages which ensue therefrom is one of those choses in action which by the act of 1866 (Civil Code of 1910, § 2993) vests in and belongs to the wife as a part of her separate estate.    *City of Atlanta* v. *Dorsey*, 73 *Ga.* 479 (especially at top of page 481 of the opinion).    "If a right of action accrues at all on account of a personal injury, it arises immediately upon the occurrence thereof.    The damages may continue for years or be permanent in character; but the right to sue arises at once."    *King* v. *Sou. Ry. Co.*, 126 *Ga.* 794, 795 (55 S. E. 965, 8 L. R. A. (N. S.) 544).    The personal injury which the plaintiff received converted her earning capacity into a chose in action, represented by her right to sue for the impairment or destruction of her earning capacity; so that, when this second hus-

band married the plaintiff, he married her not as possessing an earning capacity of which he as husband might have taken the benefit, but as possessing a chose in action which, under the code, remained her separate estate. When a man marries a woman in this State, he is entitled to her earnings, domestic and otherwise, so far as she is able and willing to exert herself to perform them for his benefit, and if a wrong-doer thereafter comes along and impairs the existing earning capacity, a right of action in the husband's favor arises because of the wrong which has thus been done; but if the woman he marries has already converted her earning capacity into cash, or into property, or into a chose in action, he takes only what is left of the earning capacity for his own, and she remains the owner of the cash or the property, or of the chose in action as the case may be. This particular point is somewhat rare, but the Supreme Court of New Jersey in the case of Reading v. Pennsylvania R. Co., 52 N. J. Law, 264 (19 Atl. 321)., had a very similar point, and took the same view as that which we are here expressing.

The judgment will be reversed, because the court erred in overruling the special demurrers, but with direction that the trial court give the plaintiff the privilege of saving the petition from dismissal by making an amendment adequate to cure the deficiencies pointed out. Cf. *Riley* v. *Wrightsville & Tennille R. Co.,* 133 *Ga.* 413 (5), (65 S. E. 890, 24 L. R. A. (N. S.) 379).

*Judgment reversed, with direction.*