## 5050. BERRIEN COUNTY v. ALLEN.

ROAN, J. 1. The petition stated a cause of action, and the court did not err in overruling the demurrers.

2. There was sufficient evidence to authorize the verdict.

3. The court erred in giving the following charge complained of in the motion for a new trial: "If you believe, from the evidence, that she is entitled to recover, the elements that you would be authorized to consider in determining the amount of damages would be how far, if any, her capacity to discharge her ordinary daily duties has been diminished; and if so diminished, allow compensation for that diminution." This instruction was erroneous because the evidence shows that the plaintiff was a married woman, and her husband would be entitled, if any one, to recover for the loss of the wife's services. *Wrightsville & Tennille R. Co.* v. *Vaughan*, 9 *Ga. App.* 371 (71 S. E. 691); *Roberts* v. *Haines*, 112 *Ga.* 842 (38 S. E. 109); *Georgia R. Co.* v. *Tice*, 124 *Ga.* 460 (52 S. E. 916, 4 Ann. Cas. 200). The wife and the husband both could not recover for the diminished capacity to discharge her duties. It being impossible to determine what damages, if any, the jury allowed for diminution of the plaintiff's capacity to discharge such duties, the case must be sent back for a new trial.        *Judgment reversed.*

DECIDED NOVEMBER 25, 1913.

Action for damages; from city court of Nashville—Judge Buie. June 10, 1913.

Mrs. Allen sued the County of Berrien for $2,500, alleging, (1) that she had been damaged in that sum by reason of the following facts: (2) On or about April 30, 1912, she was traveling a public road leading from Ray's Mill, Georgia, to Cat Creek, Georgia, in said county, in a buggy drawn by a gentle family horse. (3) When at a distance of about half a mile from the corporate limits of the town of Ray's Mill, it became necessary for her to cross a wooden bridge on said road, erected and used for the purpose of passage and as a part of the public highway of said county. (4) When she reached said bridge (which was about twelve feet wide and ten feet long) she, in the exercise of ordinary care and diligence, drove upon said bridge, which contained a broken plank, which was unknown to her at the time of entering upon the bridge, and the horse drawing the buggy in which she was riding stepped upon said broken plank in the bridge, which caused the horse to become frightened, and he suddenly turned and jumped, throwing her from her seat violently upon the ground. (5) By reason of being thus thrown to the ground her right arm and hand were broken and the tendons of her arm lacerated and strained to such an extent that her arm and hand are useless to her, for the reason that the

fingers of said hand are stiff and drawn to such an extent that she "can not use them with but little service." (6) By reason of her injuries, which were caused by the negligence of the defendant, she has suffered physical pain and mental anguish and will continue so to suffer to the end of her life. (7) Said bridge was constructed since the year 1888, and cost less than $500, and forms a part of the public highway of said county. (8) The defendant was negligent in permitting said bridge to become defective and in bad repair, and in maintaining the same in an unsafe condition for traveling; for that (*a*) the defective condition of said bridge was known to said defendant, or ought to have been known and could have been known by the exercise of ordinary care and diligence; (*b*) at the point where the injury occurred there was a broken plank which had by some persons unknown to plaintiff been temporarily replaced, on which the said horse stepped and fell through, causing the injury alleged; (*c*) the planks which form the flooring for the bridge were not nailed down, and were broken and unsafe for passage; (*d*) the defendant had actual notice of the defective and dangerous condition of said bridge and failed to remove said condition, or to warn the plaintiff or the public generally, by posting a notice as required by law, concerning the condition of the bridge, or in any other manner giving notice at the bridge of its dangerous condition. (9) The plaintiff was in the exercise of due care and diligence, and the defendant's negligence was the proximate cause of her injury.

The defendant demurred to the petition generally, and demurred specially as follows: To paragraph 3, because it is not sufficiently specific as to the point where the alleged injury occurred, and it does not allege why it was necessary for the plaintiff to cross the bridge, or whether she could not have passed on either side of it. To paragraph 4, because it is not stated how the plaintiff exercised ordinary care in driving on the bridge, or at what rate of speed she was driving; and it is not alleged what plank was broken, or in what part of the bridge it was, and it does not appear how the plaintiff was thrown from the buggy. To paragraph 5, because it is vague and indefinite in regard to the extent of the injury, and alleges that the plaintiff's hand and arm are useless and then alleges that she can use them to but little service. To paragraph 6, because no specific acts of negligence are alleged, and the allega-

tion that the plaintiff will suffer to the end of her life is an opinion of the pleader. To paragraph 8, because the facts alleged do not show that the broken plank was the proximate cause of the injury, and it appears that the plank had been replaced by some party unknown to the plaintiff, and not by the county authorities. To paragraph 9, because the allegations do not show that the injury was from any proximate cause for which the defendant is chargeable. By amendment the defendant demurred on the. ground that the bridge described is not such a bridge as is contemplated by section 748 of the Code, giving citizens the right to bring suit against a county for damages caused by defective bridges, whether erected by county authorities or by contractors. The court overruled the demurrer.

The trial of the case resulted in a verdict in favor of the plaintiff, for $1,000. The case came to this court on exceptions to the overruling of the demurrer and to the refusal of a new trial.

*W. G. Harrison*, for plaintiff in error.
*Lovett & Murray, R. A. Hendricks,* contra.