## 37837.  LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE v. LINGERFELT.

CARLISLE, Judge.  1.  The petition in this suit on a policy of accident insurance alleged, as amended, that all premiums had been duly paid; that the policy sued on insured against death directly, independently and proximately resulting from bodily injuries effected solely through violent, external and accidental means; that the insured came to her death as the result of a wound inflicted when she accidentally stumbled and fell to the ground while being pursued by a named person at a specified place on a specified date; that the wound was inflicted by some sharp instrument which violently penetrated the chest region of the insured and caused an external wound and internal bleeding from which she died four days thereafter; and that the company had notice of the death of the in-

sured and had refused to pay the claim. The petition, as amended, stated a cause of action for the recovery of the principal amount due under the policy. As thus drawn, it set up facts creating the obligation to pay on the part of the defendant, that is, it alleged the existence of a valid contract of insurance, a loss occurring within its terms, and a refusal on the part of the defendant to pay. It was not subject to general demurrer. *Bell* v. *Fitz,* 84 *Ga. App.* 220, 223 (1) (66 S. E. 2d 108).

2. The amendment to the petition wherein it was alleged that the deceased came to her death on June 28, 1957, "on Allatoona Lake in Bartow County, Georgia," when she was sitting in an automobile, and Gussie Mae Lee approached said automobile and the insured ran away from the automobile and was followed by Gussie Mae Lee; that the said insured accidentally stumbled and fell to the ground when she had gone about 100 feet and received a stab wound in her back from some sharp instrument which penetrated violently into her chest region, which stab wound was caused by a knife in the hands of Gussie Mae Lee; and that the said Gussie Mae Lee fell over the body of the insured, sufficiently alleged the particular facts and circumstances surrounding the death of the insured to meet the objections raised by the special demurrers to the original petition calling for additional information. The office of a special demurrer is to compel the plaintiff to set forth his charge or complaint plainly, fully and distinctly where he has failed to do so. "While a plaintiff is required to set out his cause of action in a full, complete and definite manner, in order that the defendant may, without difficulty, understand the nature of the plaintiff's charge or demand and make preparation to meet it (Civil Code, § 5538), this requirement is to be liberally construed (*Kemp* v. *Central &c. R. Co.,* 122 *Ga.* 559, 50 S. E. 465) ; and a plaintiff is not required to allege impossible particulars or unnecessary details (*Bittick* v. *Georgia &c. R. Co.,* 136 *Ga.* 138, 70 S. E. 106), nor is a plaintiff required to set forth in his petition the evidence relied on to make out his cause of action, it being sufficient if he alleges enough to inform the opposite party of the grounds of his action and to enable the jury to find an intelligible and complete verdict, and enable the court to declare distinctly the law of the case." *Young* v. *Lewis,* 70 *Ga. App.* 627, 637 (29

S. E. 2d 267), and cits. Accordingly, the trial court did not err in overruling paragraph 3 of the original demurrer as renewed by paragraph 2 of the renewed demurrer to the petition.

3. The allegations of paragraph 5 of the petition with respect to the action of the company in paying a claim under a life insurance policy on account of the death of the insured which was alleged for the purpose of showing the fact that the defendant company had knowledge of the death of the insured, which allegations showed that said policy was a life insurance policy, were not so prejudicial or irrelevant or immaterial as to be subject to the special demurrer attacking those allegations on that account.

4. The allegations of paragraph 6 of the petition that the petitioner had done all things to be done by her under the terms of the policy which were amended by the addition of allegations that all premiums had been paid on the policy and that notice had been given of the accidental death of the insured in complaince with the provisions of the policy and which set forth therein the paragraphs of the policy respecting notice and the furnishing and the filing of proofs of loss was sufficient as against the demurrer on the ground that the allegations of that paragraph were a conclusion and did not allege any facts upon which to base the same. These allegations were material to the cause of action, and for that reason were not prejudicial to the defendant. It follows that the trial court did not err in overruling the general and special demurrers.

5. The court charged the jury, "I charge you that in a suit on an accident policy which provides that 'injury' as used in the policy means bodily injury, which is the sole cause of the loss and which is occasioned solely through accidental means, *it is incumbent on the plaintiff to prove* that the insured received an injury which was the sole cause of death and *that the injury was inflicted by accidental means*. In order to prove that the injury was occasioned through accidental means, it must be shown that in the act or acts which preceded the injury something unforeseen, unexplained or unusual occurred. This being an action on an accident policy, as distinguished from a life policy, the burden rests upon the plaintiff to show not only that the insured suffered an accidental death, but also that the injury which caused the death was one which was brought about through accidental means. In other words, the act which preceded the injury itself must have been an accident." When

read in its context, the italicized portion of the charge above quoted was not reasonably subject to the interpretation that any injury which the deceased may have received, whether accidental or not, would be sufficient to warrant a recovery under the policy. The jury could not have understood other than that such injury in order to authorize a recovery must have been brought about through accidental means. In the absence of a timely written request, this instruction was sufficient. Accordingly, the trial court did not err in overruling special grounds 1 and 2 of the motion for a new trial.

6. Where a policy of accident insurance excludes injury resulting from the participation by the insured in any assault, riot, or felony in order for an assault to operate as an exclusion, it must be more than a mere simple assault. It must be such an assault as would justify the assaulted party in taking the life of the insured on account thereof. In order to exclude a recovery, the jury must find that the insured ought to have apprehended that, by committing the assault, he was putting his life and limb in hazard. *Riggins* v. *Equitable Life Assurance Society,* 64 *Ga. App.* 834 (14 S. E. 2d 182). This rule, as applied to the particular exclusion, does not operate, however, to foreclose a recovery by the beneficiary of an accident policy where the hazardous acts of the insured are not in the nature of an assault on the person who kills the insured. Accordingly, where the evidence showed that the insured was apprehended in the act of sexual intercourse by the wife of a man with whom she, the insured, was having such an illicit relation, and where the only evidence tending to show an assault by the insured was that when so apprehended she used opprobrious language to the wife, such evidence did not authorize a finding that the insured was guilty of *an assault* upon the wife within the meaning of this rule of law so as to bar a recovery by her beneficiary on an accident insurance policy on account of her death. Accordingly, the following charge, complained of in special ground 3, if anything, was more favorable to the defendant than it was entitled to under all the facts and circumstances of the case: "I charge you that you should consider under all the evidence in this case and under all the facts and circumstances in this case, whether the insured, Maxine Johnson, appreciated that by doing the acts or things which you may consider under the evidence in this case

she may have been doing on the occasion here in question, was putting her life and limb in hazard. If she did, the plaintiff would not be authorized to recover in this case. If she did not appreciate that she was putting her life and limb in hazard, then you would consider all the other evidence in this case and all the other facts and circumstances, in determining whether or not she would be entitled to recover in this case."

7. It follows from the principles announced in the preceding headnote that the charge, "I charge you that voluntary exposure to danger by the owner of an accident insurance policy will not defeat recovery for an injury by accidental means, where such exposure is not an exception in the policy and the insured has no intention of producing the injuries received," as complained of in the 4th special ground of the motion for new trial, was not erroneous for any reason therein set out.

8. The refusal of the trial court to permit a witness to answer a question which called for a conclusion as to facts which were in evidence and upon which the jury could have drawn its own conclusion was not harmful error. Accordingly, the court did not err in refusing to permit a witness for the plaintiff on cross-examination by counsel for the defendant to state his opinion as to whether the insured had the same opportunity to know that there was going to be trouble as the witness did at the time and place of the occurrence which resulted in the insured's death.

9. The evidence authorized the verdict for the plaintiff beneficiary in her suit on a policy of accident insurance on account of the death of the insured which resulted when she was assaulted and stabbed by the wife of the man with whom she was caught in the act of sexual intercourse. The evidence showed that when caught the insured said to the wife, "Yes, I was with him, you damn bitch," and ran, and the wife chased her about 100 feet where she either fell and was overtaken by the wife, or was overtaken first and in the ensuing scuffle thrown to the ground where three stab wounds were inflicted in her back. This proof did not materially vary from the allegations of the petition and did not demand a finding that the insured was guilty of an assault within the meaning of the exclusionary clause of the policy so as to bar a recovery on account of her death resulting from the stab wounds. Accordingly, the trial court did not err in refusing to direct a ver-

dict and in thereafter refusing to grant a judgment n. o. v. and in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 20, 1959.

*Wm. A. Ingram,* for plaintiff in error.
*Pittman & Crowe, C. C. Pittman,* contra.