## PROVIDENCE COUNTY.

———•——

CASIMIR DE R. MOORE *et al. vs.* ANDREW S. THORP *et als.*

Four out of several tenants in common made a lease of the common estate, covenanting at the end of the term demised to pay to the tenant the fair value of a barn which was to be built on the estate by him. The rents were divided among all the tenants in common. After the expiration of the lease, partition was made by sale under order of this court, and the purchase money paid into the registry of the court.

*Held,* that the value of the barn, so far as it was represented by an enhanced price received from the sale of the premises, should be ascertained and deducted from the money paid into the registry of the court, and the balance of such money divided among the tenants in common according to their interests.

BILL IN EQUITY for partition.

*December* 5, 1889. STINESS, J. Tristam Burges devised an estate in Providence, known as the Hoyle Tavern estate, to his wife for life, remainder in fee, one half to three daughters and the other half to those whom his wife should appoint by will. In January, 1873, Mrs. Burges and the three daughters joined in a lease for a term of fifteen years, covenanting therein to pay the lessee, at the expiration of the term, the fair value of a barn to be built on the premises by him, if it should then be standing. Mrs. Burges died in 1879, but the lease was allowed to run along to the commencement of this suit, just before the lease expired. Partition by metes and bounds being impracticable, a sale of the premises was ordered, free of all claims by the parties, the lease having then expired, the claims being reserved for consideration in the distribution of the proceeds. The estate, with the barn thereon, has been sold; the proceeds have been paid into the registry of the court, and the question now presented is, whether the value of the barn shall be paid by the three heirs who joined in the covenant, or proportionally by all the owners, some of whom are minors. When a part owner makes valuable improvements, courts of equity agree that compensation should be allowed, by setting off the improved portion of the land to him who made the improvements, if it is practicable to do so. See Story Eq. Juris. § 655 ; Freeman on Cotenancy, § 510, and note, 2d ed.

There is, however, some difference about the rule of awarding

compensation in the case of unauthorized improvements when partition is made by sale. It has generally been held that a part owner, who has enhanced the value of the common estate at his own cost, is entitled to such equitable compensation as will leave only the value of the estate without the improvements to be divided among the tenants in common. *Hall* v. *Piddock*, 21 N. J. Eq. 311; *Kurtz* v. *Hibner*, 55 Ill. 514 ; *Moore* v. *Williamson*, 10 Rich. Eq. 323 ; *Dean* v. *O'Meira*, 47 Ill. 120 ; *Green* v. *Putnam*, 1 Barb. S. C. 500 ; *Conklin* v. *Conklin*, 3 Sandf. Ch. 64 ; *Swan* v. *Swan*, 8 Price, 518. See, also, Story Eq. Juris. § 656 *b*, and note 3, Freeman on Cotenancy, *supra*.

Mr. Freeman, § 511, refers to cases in Alabama, New York, Arkansas, and Indiana as holding a somewhat contrary doctrine. In *Ormond* v. *Martin*, 37 Ala. 606, and *Jones et al.* v. *Johnson et al.* 28 Ark. 211, it is held that the claim for improvements cannot be set off against the body of the estate, but only against a demand for rents. In *Scott et al.* v. *Guernsey et al.* 48 N. Y. 106, the court say that no compensation can be had for improvements made without consent, mistake, or other equitable ground, and hence, in that case, no relief was granted. But the report of the referee shows that the tenants who put the buildings upon the land had exclusively received rents therefrom largely in excess of their value and interest on the investment. The court remark that if they had offered to share their rents, upon being paid a due proportion for the improvements, it might have afforded a better ground for compensation. In *Elrod* v. *Keller*, 89 Ind. 382, it is held that the mere fact that improvements may enhance the value of common property, not susceptible of division, does not entitle the tenant making them to an allowance for the difference in value ; but, in stating the rule, the court concede that the improved part should be set off to him when it can be done by division. It seems to us that this course, in which all courts agree, is decisive of the question before us. If the tenant has an equitable claim upon improvements in case of division, he has an equally equitable claim upon their value in case of sale. If the other tenants are entitled to their share of the value of the whole estate upon sale, why are they not also entitled to the same share in division ? Or, further, if a tenant is entitled to compensation for improvements out of rents, why should he not as well be en-

titled to receive the excess in value which the improvements have produced upon sale ? We see no difference in principle in these cases. When it is conceded that a tenant in common, improving the land he may rightfully occupy, has an equitable claim to that part, or to its rental value, in order to secure the fruit of his labor or expenditure, we fail to see how he loses such claim when the land is sold, because it cannot be divided. Of course he cannot, at his pleasure, charge cotenants for improvements which they may neither agree to nor desire ; nor can he ordinarily claim for that which he has done solely for his own advantage, and for which he has reaped the benefit ; but, on the other hand, when such improvements enhance the value and proceeds of the estate, the cotenants should not be enabled to take advantage, to his injury, of improvements for which they have contributed nothing. Controversies may arise as to the reasonableness and extent of an allowance, but the tribunal which is trusted to fairly apportion the estate itself can also be trusted to fairly settle an incidental matter of this sort. In the case before us, the legal obligation to pay the value of the barn rests only upon the three parties who signed the lease. Doubtless the agreement was made for the benefit of the estate ; at any rate all the heirs have shared equally in the rents. It is not now asked that the other heirs be compelled to pay for anything put upon the estate, but that they receive their full and fair share of the estate sold, less the salable value of the barn, for which they have paid nothing ; which, presumably has aided the rental value of the estate for the years they have received rent for it, and for which it would be manifestly unjust to require others to pay for their benefit. We think it is right that the value of the improvements, so far as they are represented by an enhanced price, should be ascertained and allowed on account thereof, and the balance, representing the body of the common estate, should be divided according to the respective interests of the parties.

Let a decree be entered in accordance with this opinion.

*Edwin Metcalf, Charles Bradley & Walter F. Angell,* for complainants and certain respondents.

*Louis L. Angell, William W. Douglas, George B. Barrows & Samuel T. Douglas,* for different respondents.