## SEATS v. THE STATE.

CANDLER, J.   1. On the trial of one indicted for fornication, evidence that the accused, an unmarried woman, was seen in bed in the same room with an unmarried man, who had just got out of bed and was still in his night-clothes, is sufficient to warrant a finding that the sexual act was performed.

2. The solicitor submitted to the court a legal and pertinent written request to charge, which was granted.   In delivering the charge, the court called upon the solicitor, who had written the request, "to pronounce, or call, certain words for him, which the solicitor did in the presence and hearing of the jury, the judge calling the words after the solicitor as he charged them to the jury.   *Held,* that inasmuch as the charge was legally sound, the accused has no cause for complaint ; and that it can not be said that this conduct "was equivalent to the solicitor charging the jury, and was calculated to give undue influence and emphasis to the contention of the solicitor . . as to the law governing the case."

3. It was not error to refuse to charge, as requested by counsel for the accused, on the subject of the sufficiency of circumstantial evidence to warrant a conviction, it appearing that the section of the code bearing on this subject was given in charge in hæc verba.

4. The fact that the trial judge inaccurately informed the jury that the accused was under indictment for adultery and fornication, when in fact the indictment charged fornication only, will not work the grant of a new trial, it not appearing that the accused was in any manner injuriously affected thereby.

5. For a like reason it was not error to give in charge section 381 of the Penal Code, " without informing the jury as to the specific offense of which the accused was indicted, or as to the distinction between fornication and adultery, or as to whether the accused was indicted for living in a state of adultery or fornication, or adultery and fornication, or whether she was being tried for the offense of committing adultery or fornication, or adultery and fornication."

6. The remarks made by the judge after the verdict had been rendered were not ground for a new trial.

7. The fact that at the same term of court at which the accused was tried the judge imposed light fines upon persons charged with other offenses, and imposed upon the accused a heavier fine, but one within the limit of the statute, is no cause for a new trial.

Judgment <em>affirmed.   All the Justices concur.</em>

Submitted February 22,—Decided March 2, 1905.

Indictment for fornication — certiorari.   Before Judge Lewis. Jasper superior court.   January 19, 1905.

*A. Y. Clement,* for plaintiff in error.

*J. E. Pottle, solicitor-general,* and *Doyle Campbell,* contra.