(156 App. Div. 429.)

RADLEY v. LERAY PAPER CO.

(Supreme Court, Appellate Division, Fourth Department.   April 30, 1913.)

1. DEATH (§ 99*)—DAMAGES—EXCESSIVE VERDICT.

Where plaintiff was married to decedent after he received the injuries which caused his death two days later, and the court charged that her interest in his life began only with her marriage, and the amount of damages was the value of the reasonable expectation of pecuniary benefit from the continuance of his life, to be calculated from his condition at the time of marriage, a verdict for $4,600 was excessive.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 125–130; Dec. Dig. § 99.*]

2. DEATH (§ 95*)—DAMAGES—MEASURE—MARRIAGE AFTER INJURY.

Under Code Civ. Proc. § 1903, as amended by Laws 1911, c. 122, providing that in an action for death where the decedent left a wife or husband, but no children, the damages should be for the sole benefit of the wife or husband, and section 1904, Code, providing that the damages shall be such sum as the jury deems a fair compensation for the pecuniary injuries resulting from the death to the person for whom the action is brought, the widow of a decedent, who married him after he received the injuries which resulted in his death two days later, is not limited to a recovery for the actual period of his life, but may recover the full value of the pecuniary advantages of the marital relation which she would have enjoyed except for the injuries caused by the defendant.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 108, 109, 111–115, 120; Dec. Dig. § 95.*]

Kruse, J., dissenting.

Appeal from Trial Term, Jefferson County.

Action by Rachel May Radley, as executrix of the estate of Earl Radley, deceased, against the Leray Paper Company.  Judgment for plaintiff, and defendant appeals.  Reversed and remanded.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Francis E. Cullen, of Watertown (Purcell, Cullen & Purcell, of Watertown, of counsel), for appellant.

N. F. Breen, of Watertown (Pardon C. Williams and Breen & Breen, all of Watertown, on the brief), for respondent.

ROBSON, J. Plaintiff is the widow of her testator, Earl Radley, deceased, who died September 11, 1911, from injuries he had received three days before. Deceased was, at the time he was injured, engaged in defendant's service. Upon the trial defendant admitted its liability for the injury to deceased, and the single question submitted to the jury was that of the amount of damages recoverable in this action. At the time of his injury the deceased was unmarried; and was apparently a healthy, industrious young man aged about 27 years and earning $1.75 per day. Prior to his injury he had become engaged to marry the plaintiff, and they were married a few hours after the injury occurred. There is no question that the marriage was in entire good faith, and at the injured man's request or suggestion; and plaintiff agreed thereto for the reason which she testifies to, as follows:

"I told him if it would make him any braver to get well, make him any happier, and I could do any more for him by being his wife, I would marry him."

Though she then realized that his injuries were serious, the attending physician led her to hope that they would not prove fatal.

At the close of plaintiff's evidence the defendant moved for a direction of verdict in favor of plaintiff for nominal damages, which was denied by the court, and defendant duly excepted. Defendant introduced no evidence, and plaintiff moved for a direction of verdict for such sum as the court should deem proper. This was denied; and, the court having decided to submit to the jury the question of the amount of damages, the defendant again excepted. The award of the jury was $4,600, and appellant now urges that plaintiff was entitled under the proof to recover only nominal damages. It is further claimed that in any event the jury's award of damages was excessive, and that the trial court should have granted defendant's motion to set aside the verdict on that ground.

The deceased left him surviving his father, as his sole next of kin, and his widow, the plaintiff. Except for the change in the provisions of section 1903 of the Code of Civil Procedure, made by chapter 122, Laws of 1911, which became effective seven days before deceased was injured, little reason could be given for holding that the damages awarded were, under the circumstances, excessive. This section provides for the distribution of the damages recovered in an action brought as prescribed by the preceding section, and the important change therein, effected by the law above referred to, is by providing that:

"In case the decedent shall have left him surviving a wife or a husband but no children, the damages shall be for the sole benefit of such wife or husband."

This action was therefore necessarily one brought for the benefit of the widow alone, since deceased left no children. The succeeding section (section 1904) provides, in effect, where the issues are tried by the jury, that the damages awarded in the action shall be such sum as the jury "deems to be a fair and just compensation for the pecuniary injuries, resulting from the decedent's death, to the person or persons, for whose benefit the action is brought."

[1] The court instructed the jury without objection or exception by plaintiff's counsel in effect that the interest of plaintiff personally in the life of deceased began only at the time of the marriage, and that the amount of damages to be recovered in this action was the value of the reasonable expectation of pecuniary benefit to the wife from the continuance of his life, this expectancy of life, as the court further charged, "to be calculated upon the condition of the decedent at the time of the marriage." The basis, upon which the jury was permitted to act in ascertaining the damages in this case, being thus limited by the law of the case as charged by the court, it seems that the damages awarded were clearly excessive. At the time of the marriage, as events subsequently showed, the deceased was fatally injured. Though there was then apparently hope of his ultimate recovery, yet the period of his expectancy of life was changed by his death to a certainty that the time after the marriage during which the wife could have received any pecuniary benefit from his life was limited to the two days he lived thereafter. When events have definitely fixed what was theretofore only problematical and uncertain, there is no occasion to indulge in speculation as to what might otherwise have been the result. The reasoning in the opinion in the case of Pitkin v. N. Y. Central & H. R. R. R. Co., 94 App. Div. 31, 87 N. Y. Supp. 906; s. c. 109 App. Div. 911, 95 N. Y. Supp. 1154, affirmed 185 N. Y. 548, 77 N. Y. Supp. 1195) applies aptly to this case. This court there considered the amount of damages for the death of an infant caused by defendant's negligence, which were recoverable by the father's personal representative, the father having died shortly after the death of his son, and it was said:

"The father was the next of kin and solely entitled as such under the statute to any damages which resulted from the death. He had died before the trial, and therefore there was ascertained the exact period during which he would have been entitled to the benefits of the life of the intestate. We see no way under the statute in which the jury could be allowed to measure such benefits by any such uncertain rule as would have been applicable in case the father had still been alive at the time of the trial, or in which the relationship to the intestate of other people who were not his next of kin at the moment of death can be made the basis of an additional recovery."

For the reasons above stated, the damages which the jury have fixed were, under the law as charged by the court, excessive; and for that reason the judgment and order must be reversed, and a new trial granted, with costs to appellant to abide event.

[2] We think, however, that the basis of the award of damages to which the jury was limited by the charge of the court was too narrow; and that substantial damages might properly be awarded to plaintiff under the facts disclosed by the evidence. In Matter of Meekin v. Brooklyn Heights R. R. Co., 164 N. Y. 145, 58 N. E. 50,

51 L. R. A. 235, 79 Am. St. Rep. 635, the quality and nature of the right of action given by the statute, as embodied in sections 1902–1905 of the Code of Civil Procedure, was considered. After an exhaustive reference to and discussion of the authorities, it is said:

"Thus it appears, both from the statute and the authorities, that the damages awarded for the negligent act are such as result to the property rights of the person or persons for whose benefit the cause of action was created. Nothing is allowed for a personal injury to the personal representatives or to the beneficiaries, but the allowance is simply for injuries to the estate of the latter caused by the wrongful act. The statute, as it has been held, is not simply remedial, but creates a new cause of action in favor of the personal representatives of the deceased, which is wholly distinct from and not a revivor of the cause of action, which, if he had survived, he would have had for his bodily injury."

It will be observed that, while it is "the pecuniary injuries resulting from decedent's death to the person or persons for whose benefit the action is brought" for which damages may be recovered, yet the cause of action is "for the wrongful act, neglect, or default, by which decedent's death was caused." Defendant's liability to respond in damages in such case is fixed by the injury which caused the death. It is not concerned as to whom the damages are payable, beyond the proper determination of the amount of pecuniary loss, which the beneficiaries, designated in the statute, have sustained. The widow of the decedent is one of the beneficiaries; in this case she is the sole beneficiary, designated by the statute, for whom the damages are recoverable. But for the fact that defendant negligently injured decedent she would naturally have been entitled to receive from her husband her support and all the incidental pecuniary advantages of the marital relation. These advantages she has lost because of her husband's death. Their pecuniary value to her is the measure of her damages due to his death. Defendant's responsibility for the injury to decedent is admitted, as is the fact that his death was due to that injury; and the statute makes it in such case liable for the pecuniary damages resulting therefrom to his widow.

Our conclusion as to this branch of the discussion is to some extent supported by the case of Gross v. Electric Traction Co., 180 Pa. 99, 36 Atl. 424, which in its essential facts closely resembles those in the case now before us. In that case plaintiff brought action against defendant to recover for the negligent killing of her husband by the defendant. It appeared that plaintiff had married the man, for whose death the action was brought, after his injury and only a few days before his death. It also appeared that deceased was 69 years of age but was in good health and active business. It is true that the statute of that state is not in its phraseology like that in our own state. But it permits an action in such case to be brought by the widow to recover damages for the death of her husband, which was occasioned by unlawful violence or negligence. The court held that plaintiff was entitled under the statute to bring the action as widow. The damages which she could recover were under the statute the damages due to the death of deceased, and were in that case recovered for her own benefit. The court refused to set aside as excessive a recovery for $3,500.

Appellant's counsel urges that it was not the intent of the amendment to permit the injured person by a marriage or by the legal adoption of a child after the injury to deprive his next of kin, to whom at the time of the injury his life may have been of great pecuniary value, of their right to recompense for his death. But, on the other hand, it seems more improbable that the amendment was intended to have the effect in such case of releasing the wrongdoer from liability in any substantial amount for the injury he had inflicted. The effect of the amendment seems to be to change, or limit, the persons for whose benefit in such case the damages may be recovered, and not to change the rule by which the amount of damages recoverable is to be measured.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event.

LAMBERT, J., concurs. FOOTE, J., concurs in result. McLENNAN, P. J., concurs in result upon the ground that the rule as to the measure of damages was correctly charged by the trial court, but that the verdict is excessive. KRUSE, J., dissents and votes for affirmance in a memorandum.

KRUSE, J. (dissenting). I think the rule for measuring the damages in this action laid down by Mr. Justice ROBSON in his opinion is correct; but, if the verdict under that rule is not excessive as is therein held and to which I agree, I am unable to see why it is necessary to reverse the judgment. The rule adopted by the trial court was the same as that laid down in the prevailing opinion, except it may not have gone quite as far. In principal it was the same. I think we may fairly assume that the verdict would have been at least as much if the case had been submitted upon the more extended rule, and therefore it will be perceived no harm will be done the defendant in upholding the judgment, if we are right respecting the rule of damages.