6670.   CENTRAL OF GEORGIA RAILWAY CO. *v.* BRINSON.

1. The petition was not subject to a general demurrer, though a special demurrer might have compelled the plaintiff to allege whether her husband was moving or standing, and to allege his posture, whether he was sitting down or standing up at the time he was struck by the locomotive.

2. It was not error to refuse to strike, upon oral motion, an allegation that "at a point a short distance eastward there was a public-road crossing," coupled with an allegation in the same paragraph that no signal of the approach of the train was given. It is true that failure to observe the statutory requirement that signals be given by trains approaching crossings is not generally negligence as to a person on a railroad-track who is not at a crossing, but this allegation, as is appar-

8

ent from the allegation of negligence contained in the next paragraph, was not wholly based on any duty of the railroad company to the plaintiff's · husband to give such a signal, but was made rather as an inducement to the conclusion that the servants of the company on the locomotive were not keeping a proper lookout. In any event, the motion to strike came too late. Though an appropriate special demurrer filed at the appearance term might have reached the point, a motion to strike portions of certain paragraphs which also contained· pertinent allegations, well pleaded, could not perform the office of a special demurrer.

3. The evidence submitted for the purpose of showing that the plaintiff's husband suffered from headache was relevant as indicating why it was necessary for him to assume a sitting posture, and that probably he did so from headache, rather than from drunkenness.

4. Even if the testimony introduced by the plaintiff as to the statements of the engineer and the conductor of the train that killed her husband, made in a very short time after the .train struck him, and while his body, which they had brought from the place of the homicide, was still in their possession, was not strictly admissible as a part of the res gestæ, the admission of the testimony was not reversible error. Proof of the homicide caused by the running of the railroad-train raised a presumption of negligence which established a prima facie case for the plaintiff, and the engineer and the conductor were thereafter introduced by the defendant and testified fully in relation to these state-·ments.

5. An exception to the refusal to award a nonsuit will not be considered where the jury has rendered a verdict against the defendant, and exception is taken to the refusal to grant a new trial on the ground that the verdict was not supported by evidence.  *Henderson* v. *Maysville Guano Co.*, 15 *Ga. App.* 69 (82 S. E. 588).

6. The error of the trial judge, in instructing the jury that the damages recoverable by the plaintiff, if she was entitled to recover, were to be fixed by the enlightened conscience of the jury, was not corrected by the judge, there being no. express retraction of the incorrect instruction, though it was followed by a correct statement that the plaintiff was only entitled to recover the money value of her husband's life; but such an error is not a sufficient reason for reversing the judgment refusing a new trial, when there is no complaint that the verdict is excessive in amount.  Where in an action for damages there is no contention that the plaintiff, if entitled to recover at all, is not entitled to recover as much as the amount of the verdict rendered in his favor, the instructions of the court upon the measure of damages become immaterial.  He who asserts that such error has been committed as requires the grant of a new trial must not only designate the error, but also show that the error worked to his injury.

7. The evidence authorized a verdict for an amount of damages even larger than the amount of the verdict rendered, and the trial judge did not err in overruling the motion for a new trial.

DECIDED MAY 19, 1916.  REHEARING DENIED JUNE 5, 1916.

Action for damages; from city court of Millen—Judge T. L. Hill. April 19, 1915.

*Lawton & Cunningham, Saffold & Jordan, Dixon & Dixon,* for plaintiff in error. *E. K. Overstreet, A. S. Anderson,* contra.

RUSSELL, C. J. Perhaps it is unnecessary to discuss the rulings stated in the headnotes, and yet I think it proper to state that to my mind the statements of the engineer and the conductor, referred to in the fourth headnote, to which objection was offered upon the ground that they were hearsay, were properly admitted as part of the res gestæ of the homicide; and it is upon this ground that I prefer to place my concurrence in the ruling thereon, rather than to rest it solely upon the reason stated in the headnote. I agree to the correctness of the rule stated by learned counsel for the plaintiff in error, that a principal is not bound by the admission of his agents, as such, as to matters outside the scope of the agent's authority. But the principle of that rule has no application where the statements are those of an eye-witness (whether he happens to be an agent or not) made at such time and under such circumstances as to preclude all suspicion of device or afterthought. In the first place, the trial judge only determines whether particular statements are apparently so intimately connected with the transaction under investigation as to make them prima facie a part of the res gestæ. And though the court is thus in a sense, as always, the judge of the competency of the testimony, the jury at last determines whether the testimony admitted as part of the res gestæ is or is not of probative value, according as they may determine whether it was affected by device or afterthought. It is not the lapse of any period of time or the marking of any particular distance that determines whether testimony is legitimately within the res gestæ, and so it seems to me that the statements of the agents of the company by whose locomotive the deceased had been killed, who themselves were in charge of the train that killed him, made within a mile of the scene of the tragedy, and while the body of the deceased was still upon the car where they had placed it as they proceeded on their way to the station, were properly admitted by the court as prima facie a part of res gestæ of the homicide.

*Judgment affirmed. Broyles, J., dissents.*

BROYLES, J., dissenting. I think the court erred in permitting, over timely objection by the defendant, certain witnesses to tes-

tify as to statements made by the engineer and the conductor of the defendant company as to the circumstances under which the deceased was killed. These alleged statements were made some time after the homicide (how long after is not disclosed by the record), and were not made at the scene of the catastrophe, but were made in the town of Millen, some distance away, where the deceased was carried after he was struck by the engine. In my opinion these alleged statements, under the facts of the case, were not part of the res gestæ, but were hearsay and inadmissible. With this illegal testimony stricken, in my opinion the evidence did not authorize a recovery for the plaintiff, and a new trial should have been granted. Moreover, I think there were errors in the charge of the court which alone required the grant of a new trial.