7919. GEORGIA NORTHERN RAILWAY CO. *v.* SHARP.

The marriage of a woman after receiving an injury in a railroad wreck does not divest her of the right to recover damages for the total or partial loss of her earning capacity. In such case the right of action, accruing to the woman before marriage, is complete in her, and after marriage the husband has no right of action for the diminished or destroyed capacity of the wife to labor and to earn money. Although the injury may be permanent in character, the right to sue arises immediately on the infliction of the injury, and remains in the person having the right of action at that time.

The assignments of error do not warrant judicial interference with the verdict in this case.

　　　　　　　DECIDED MARCH 19, 1917.

Action for damages; from city court of Albany—Judge Clayton Jones. September 27, 1916.

*Walters & Redfearn,* for plaintiff in error.

*R. R. Marlin, W. H. Gurr,* contra.

GEORGE, J. Mattie Sharp sued for personal injuries received while a passenger on a train of the Georgia Northern Railway Company, and upon the trial obtained a verdict for $500. The railway company excepts to the overruling of its motion for a new trial.

1. Exception is taken to the following charge of the court: "Mattie Sharp, the plaintiff in this case, has instituted legal proceedings in which she seeks to recover damages for certain alleged injuries which she claims caused her physical pain and suffering

and mental anguish and the loss of earning capacity, and which were received in a wreck while plaintiff was a passenger on a train negligently operated by the defendant company." The company insists that this charge, and especially the latter portion, amounted to an expression of opinion by the court that the plaintiff was injured by it and that its train was negligently operated. The court was here stating the contentions of the plaintiff, and this instruction could not have been misunderstood by the jury. If the trial court is required to preface every contention made by the parties with the statement that "it is contended" thus and so, the charge would become unintelligible to the average jury. In this case the subsequent instructions given by the court made sufficiently plain to the jury that the court did not intend to express any opinion upon the issues in the case, but that the burden remained with the plaintiff to establish every fact alleged by her.

2. In the second ground of the amendment to the motion for a new trial it is contended by the company that the court, in its charge, placed upon the company the burden of showing that the accord and satisfaction pleaded by it was not made at a time when the plaintiff was mentally or legally incapacitated to make such a contract. Without inquiry into the merits of this contention, we think it sufficient to say that the undisputed testimony in the case shows that, at the time of the alleged accord and satisfaction and the execution of the written release specially pleaded by the company, the plaintiff was a minor. She denied the execution of the release, and the burden was certainly upon the company to show the execution of the release, by the preponderance of the evidence. Acting upon the theory that the jury might find that an accord and satisfaction had been made, the plaintiff pleaded her minority and tendered to the company the consideration of the same. Under the charge of the court on the question of the validity of a release executed by a minor (to which no exception is taken), there was but one finding that could result. Since this is true, it is unnecessary to determine whether the charge is in all respects technically correct.

3. The excerpt from the charge in the third ground of the amendment to the motion for a new trial is conceded to be a correct statement of a principle of law, but it is complained that the verdict is contrary to the charge there quoted. This assignment,

under the rulings of this court and of the Supreme Court, amounts only to the complaint that the verdict is contrary to law.

4. In his instructions the judge reminded the jury that the plaintiff could not recover unless the defendant company was negligent in one or more of the ways alleged in the petition. He then said to the jury: "Neither can she recover a larger amount than that actually sued for, yet it is entirely discretionary with the jury to allow her the full amount sued for, or a part of the amount sued for, or they may find for the defendant, which of course would mean that the plaintiff would be allowed no amount whatever." He then instructed the jury on the measure of damages for the alleged pain and suffering, and for the alleged diminution of earning capacity claimed by the plaintiff. The language of the court, in the charge above quoted, to wit, "that it is entirely discretionary with the jury," does not furnish the jury a correct legal guide, and is inapt. In *Central of Ga. Ry. Co.* v. *Brinson,* 18 *Ga. App.* 113 (6), 114 (88 S. E. 1003), it was held: "Where in an action for damages there is no contention that the plaintiff, if entitled to recover at all, is not entitled to recover as much as the amount of the verdict rendered in his favor, the instructions of the court upon the measure of damages become immaterial. He who asserts that such error has been committed as requires the grant of a new trial must not only designate the error, but must also show that the error worked to his injury." If this statement of the rule be correct, the exceptions to the instructions on the measure of damages in the instant case are without merit. There is no contention that the verdict for $500 is excessive. The railway company contends that the plaintiff is not entitled to recover at all, but it is nowhere claimed that, if she is entitled to recover, she has recovered a sum in excess of her legal damages. It is true that the injury to the plaintiff is not conceded, but, under any view of the evidence in this case, a verdict for an amount of damages even larger than the amount returned by the jury would have been warranted, if she is entitled to recover at all, and the railway company does not contend otherwise. We, however, do not commit ourselves to the rule in the *Brinson* case, supra. We think the rule there stated is unsound, but in the case at bar the charge of the court does not require a new trial.

5. The evidence disclosed that at the time of the filing of the

suit and at the time of trial the plaintiff was a married woman, having a living husband. It is further contended by the railway company that the right of action for the decreased earning capacity of the plaintiff, if any existed, was in the husband, and that the court erred in submitting to the jury the question as to recovery for decrease of her earning capacity. We think this contention fallacious. We might rest our conclusion upon the fact that such damages were claimed in the petition and there was no demurrer by the railway company. However, the record shows that the plaintiff was at the time of her injury an unmarried woman. Her injury was sustained in October, and she married in the following April. The husband could not recover for an injury sustained by the wife prior to the marriage, because he lost nothing on account of her disability. At the time of the marriage her capacity to earn money had already been impaired by the negligence of the defendant, and consequently he had no cause of action for such impairment. The loss in this respect is that of the wife. On the infliction of the injury she was vested with a complete right of action against the railway company. In law this right of action must be considered as already reduced to money on the date of her marriage. Certainly this is true in the present state of our law, because the separate estate of the wife is neither lost nor affected by the fact of marriage. A negligent injury to an unmarried woman, permanently decreasing her capacity to earn money, no parental rights being involved, is an injury for which she alone may recover, and this right is not lost by the fact that she thereafter enters into a marriage contract. The injury sustained by her may have affected her ability to contract marriage, in the first place, and to contract an advantageous marriage, in the second place. Her subsequent marriage affords no more consolation to the wrongdoer than any other contract made by the woman after the injury. The wrong being against her, and the right of action being in her, a subsequent contract entered into by her is of no concern to the wrongdoer. See Reading *v.* Penn. R. Co., 52 N. J. Law, 264 (19 Atl. 321). In one of the briefs it is stated that this is an open question in Georgia. We have neither the time nor the disposition to thoroughly examine the reports of this State to see if this conclusion of counsel is correct. Attention is called, however, to the case of *Wrightsville & Tennille Railroad Co.* v.

*Vaughan,* 9 *Ga. App.* 371 (71 S. E. 691), which, in our opinion, settles this controversy. It is there said (p. 381) : "When a man marries a woman in this State, he is entitled to her earnings, domestic and otherwise, so far as she is able and willing to exert herself to perform them for his benefit, and if a wrongdoer thereafter comes along and impairs the existing earning capacity, a right of action in the husband's favor arises because of the wrong which has thus been done; but if the woman he marries has already converted her earning capacity into cash, or into property, or into a chose in action, he takes only what is left of the earning capacity for his own, and she remains the owner of the cash or the property, or of the chose in action as the case may be." The evidence is sufficient to sustain the verdict, and nothing appears to warrant judicial interference therewith.

      *Judgment affirmed. Wade, C. J., and Luke, J., concur.*