### 17912.   Sellers v. The State.

Broyles, C. J.   1. "While in every criminal case where the guilt of the accused depends wholly upon circumstantial evidence, it is the duty of the court, even in the absence of a written request, to charge the law of circumstantial evidence, *it is immaterial what language is employed to convey this instruction,* if every possible hypothesis arising from the circumstantial evidence, favorable to the defendant, be presented in concrete statement to the jury, and if they are instructed that if they believe any one of these hypotheses the defendant should be acquitted." *Reynolds* v. *State,* 23 *Ga. App.* 369 (98 S. E. 246), and cit.   Under that ruling and the facts of the instant case, the failure of the court to charge the law of circumstantial evidence in the exact language of section 1010 of the Penal Code was not error.

2. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

> *Judgment affirmed.   Luke and Bloodworth, JJ., concur.*
>
> Decided April 12, 1927.

Possessing liquor; from city court of Baxley—Judge Speer. December 7, 1926.

*J. B. Moore,* for plaintiff in error.

*Wade H. Watson, solicitor,* contra.

---

Criminal Law, 16 C. J. p. 1008, n. 4; p. 1010, n. 14, 15; p. 1011, n. 25; p. 1180, n. 74.

Intoxicating Liquors, 33 C. J. p. 761, n. 53.

---

### 17913.   Simmons v. The State.

Luke, J.   The evidence authorized the conviction of the accused, and none of the special grounds of the motion for a new trial require another hearing of the case.

> *Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*
>
> Decided April 12, 1927.

Possessing liquor; from Dooly superior court—Judge Crum. December 18, 1926.

*Jere M. Moore,* for plaintiff in error.

*T. Hoyt Davis, solicitor-general,* contra.

---

Intoxicating Liquors, 33 C. J. p. 761, n. 53.