## 26325. DACUS *v.* THE STATE.

DECIDED SEPTEMBER 25, 1937.

*Charles W. Anderson,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

GUERRY, J. The defendant, together with C. D. Terry, was indicted for the offense of arson. He was tried alone, and a verdict of guilty was returned. He excepted to the overruling of his motion for new trial.

■ We have carefully considered the evidence as contained in the record before us, and it amply supported the verdict.

■ In practically every ground of the motion for new trial complaint is made that the court called the defendant's attention to superior-court rule 68 which reads as follows: "The trial judge is not required to reduce his charge to writing before giving his charge to the jury." However, from an inspection of these grounds it appears that the judge "did, in compliance with movant's request, reduce his charge to writing before its delivery to the jury." Since it does not appear that the judge invoked this rule by refusing, upon request, to reduce his charge to writing, the validity or constitutionality of this rule can not be brought into question in this case. In the same grounds it is complained that the judge called the defendant's attention to rule 67 which reads as follows: "All exceptions to the charge of the court or failure to charge shall be called to the attention of the trial judge before the jury renders its verdict. While a new trial may be granted for an erroneous charge against the applicant on a material point, a new trial shall not be granted, except in the discretion of the judge hearing the motion, where the exception was not noted until after rendition of the verdict." This rule is likewise attacked as unconstitutional and void. These grounds present no question for decision. We have considered all of the grounds of the motion for new trial which contain exceptions to the charge of the judge; and since none of them are meritorious, and since it does not appear that the judge invoked this rule in passing on the motion for new trial, there is no reason to decide as to validity or binding force of this rule.

■ The court charged the jury, in part, as follows: "I charge you that direct evidence is that which points immediately to the question at issue, and that indirect or circumstantial evidence is that which tends to establish the issue by proof of various facts and circumstances sustaining by their consistency the hypothesis claimed. Now, before you would be authorized to convict the defendant on circumstantial evidence alone, the proven facts must not only be consistent with the theory of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused." The court further charged: "Where circumstantial evidence is relied on to overcome the presumption that the burning was accidental or by some providential cause other than by criminal design, intent, or agency of the person or persons accused and

upon trial, such circumstantial evidence relied upon must be sufficient to exclude every other reasonable hypothesis than that the house or property was feloniously or unlawfully burned with such intent and design. In an arson case the corpus delicti consists of the burning of the house as the result of criminal agency and desire and intent; and unless the circumstances relied upon under the evidence exclude every other reasonable hypothesis than that the house was feloniously burned, there can be no conviction. The evidence must point to only one reasonable hypothesis, that is, the guilt of the accused, in order to authorize a conviction." Exception is taken to the failure of the judge to give to the jury the following requested instruction: "The law will not permit one to be convicted upon circumstantial evidence, unless the circumstances shall suggest no other reasonable hypothesis than that he is guilty. It is not enough that such evidence shall suggest that he is perhaps guilty, but it requires that the proof submitted, to thus deprive him of his liberty, shall be so strong that when the circumstances are construed in their weakest light they would only suggest his possible guilt or perhaps that he may be guilty. It is an invariable rule of law that where a fact or circumstance is susceptible of two constructions, one of which indicates guilt and the other being consistent with innocence, the construction which comports with innocence is to be preferred, and will be given preference by you gentlemen. Should you find from the evidence that the fact and circumstance proven are subject to both of these constructions, then you will give the defendant the benefit of the construction of innocence from the evidence and acquit him." In *Thompson* v. *Thompson, 77 Ga.* 692 (2) (3 S. E. 261), it was held: "Where several distinct matters involving diligence are presented to the jury, while it is proper to charge a general principle applicable to them all, yet if a specific charge, which is legal, apt, and precisely adjusted to one of them, be requested, it is proper to give the latter also, if it would materially aid the jury in applying the general principle to this one of the several matters for their consideration." See also *Metropolitan Street R. Co.* v. *Johnson, 90 Ga.* 500 (5) (16 S. E. 49). These decisions hold it proper to give requested instructions in those instances where there may be distinct matters, especially in civil cases, which, although covered by the general charge may be

made clearer by a specific charge precisely adjusted to the particular facts involved. It is doubtful if a general and fundamental principle of law, such as the circumstantial-evidence rule in criminal cases, may be materially improved upon by elaboration, unless there is some special application of the principle to the particular facts of the case on trial. The definition of circumstantial evidence and the requirement as to the sufficiency thereof to support a conviction in a criminal case, as fixed by the Code, could hardly be improved upon or made clearer in the minds of the jury by elucidations. Judge Bleckley in *Moughon* v. *State,* 57 *Ga.* 102, aptly said: "In trying a case depending upon circumstantial evidence, very few abstract principles should be given to the jury. Left to exercise their common sense in their own way, the jury will generally determine correctly what is well proved, and what lacks further support. Furnished with a superfluity of rules, their attention is distracted, and the proffered help only obstructs. The better practice is, to decline charging refined speculations, and give only course [coarse?], sharp-cut law. What shall come to the jury as evidence, is for the court. What it is worth when it arrives, is for the jury. They can discern its true value with spare assistance from the bench." In *Seats* v. *State,* 122 *Ga.* 173 (3) (50 S. E. 65), upon the question here presented it was ruled as follows: "It was not error to refuse to charge, as requested by counsel for the accused, on the subject of the sufficiency of circumstantial evidence to warrant a conviction, it appearing that the section of the Code bearing on this subject was given in charge in hæc verba." It appears from the record of file in the *Seats* case that the defendant submitted a request to charge which elucidated upon the principle contained in the Code. We are of the opinion that the judge did not commit error in refusing the request, in view of the portions of the charge which we have quoted. The same ruling will likewise apply to the ground of the motion which complains of the refusal of a request to charge touching the defendant's statement. It appears that the judge gave in charge to the jury a full statement of the principle contained in the Code in reference to the defendant's statement and the weight and credit to be given it.

■ Headnote 4 needs no elaboration.

■ The remaining assignments of error are without merit. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*