ALBERT J. RADEMACHER, Plaintiff, *v.* ROSE TORBENSEN, Defendant.

Supreme Court, Genesee County, January 17, 1939.

*James W. Murray* [*Walter J. Davison* of counsel], for the plaintiff.

*Emery D. Haley,* for the defendant.

HINKLEY, J. There is presented upon this motion a question of apparently factual first impression. Has a husband, whose wife was injured in an automobile accident prior to her marriage, a cause of action for such injury, either for loss of his wife's domestic services or for her medical expenses after marriage? This motion by defendant is made under subdivision 5 of rule 106 of the Rules of Civil Practice, to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. This is the only rule applicable to defendant's motion, and the motion must be decided upon the allegations of the complaint and cannot be predicated in whole or in part upon a supplemental affidavit.

The following facts are alleged in the complaint: Plaintiff's wife, formerly Viola Buddenhagen, was, prior to her marriage to plaintiff, and on June 2, 1938, injured in an automobile accident alleged to have been caused by defendant's negligence. Thereafter and on July 30, 1938, the said Viola Buddenhagen and plaintiff were married and have since lived and cohabited as husband and wife. Plaintiff brings this action for past and future loss of domestic services of his wife during marriage, and for past and future expenses incurred and to be incurred by him for her care during marriage.

The court cannot upon this motion be governed in any manner by any action brought by plaintiff's wife. Nor is the court concerned with the charge of the court in the trial of any such action, as this motion is based upon the claim that upon its face the complaint does not state facts sufficient to constitute a cause of action, and no reference to any other action is made in the complaint. For a like reason, the claim that a stipulation was made upon the trial of the wife's action that this action would not be brought is irrelevant, even if a stipulation could have been made in any such action by a non-party. Likewise the contention that this action amounts to a splitting of causes of action is without force, as the two causes of action respectively for husband and wife are separate and distinct, even if this one is the derivative of the other. Nor is the court concerned upon this motion with any question of an emancipation of the wife by the husband. This action is not for loss of services of the wife outside the home, but for loss of capacity to perform household duties and for medical expenses.

The defendant contends that plaintiff has no cause of action, because, as appears by the complaint, plaintiff married Viola Budden-

hagen after her accident, and that he took her in the condition in which she was at the time of marriage.

While there is apparently no decision squarely on all fours with this case in this State, still the highest authority has definitely stated a principle of law which is controlling. The opinion in the case of *Radley* v. *Leray Paper Co.* (214 N. Y. 32) holds that in a cause of action for death the damages are not to be measured as of the time of the marriage subsequent to the accident, but commence to accrue at the time of the accident. The facts in that case as set forth in the opinion are briefly stated. Deceased was injured on Friday, September 8, 1911. About midnight of that day plaintiff and deceased were married. On Monday morning deceased died. Upon the first trial the jury was instructed that the amount of the damages recoverable was the reasonable expectation of pecuniary benefits to the wife from the continuance of her husband's life to be calculated upon the condition of the decedent at the time of the marriage. Damages were awarded in a substantial amount, which the Appellate Division (156 App. Div. 429) held to be excessive in view of the law of the case. The justice of the Appellate Division wrote an opinion that plaintiff would be entitled to recover substantial damages. Upon a retrial the jury were permitted to find substantial damages rather than nominal damages in an amount in excess of the verdict upon the first trial. Upon appeal to the Court of Appeals defendant argued that the expectancy of the life of deceased was to be calculated upon his condition at the time of marriage, and that as matter of law plaintiff was only entitled to nominal damages. This argument is similar to the one advanced in this action, that plaintiff took his wife in the condition in which she was at the time of marriage. In the cited case the court stated that the deceased at the time of his injury was vested with a cause of action the gravamen of which was the wrongful act, neglect of default of the defendant; that it was the wrongful act of the defendant which caused the injuries which ultimately proved fatal, and a right of recovery existed by reason of such wrongful act to be measured by " ' a fair and just compensation for the pecuniary injuries, resulting from the decedent's death, to the person or persons, for whose benefit the action is brought.' The statute contemplated that the expectancy of the deceased should be ascertained as of the time of the injury caused by the wrongful act or neglect of the defendant. It would be illogical to hold that the pecuniary damages recoverable are to be measured by the expectancy of the victim at a time subsequent to the moment when fatal injuries were sustained by him as a result of the negligence of the defendant and in his then physical condition.

" Such a rule would permit a wrongdoer to assert that the life destroyed by its wrongful act was worthless. It is, therefore, immaterial when the relation of husband and wife between Earl Radley and the plaintiff arose. At the time of the death of Earl Radley, plaintiff was his wife, and, upon his death which resulted by reason of the wrong of the defendant, she was entitled to recover damages for the wrongful act, neglect or default of the defendant which caused the death of her husband."

The court cited and relied upon the case of *Quinlen* v. *Welch* (69 Hun, 584), where the court held that a child born after the death of the father had a cause of action against the person who had sold to the father intoxicating liquor which caused the father's death. (This right of action was based upon a statute repealed, by mistake, and now Civil Rights Law, § 16.)

The principle that " no action lies by a husband against a person who has committed a tort on the woman whom the plaintiff was engaged to marry at the time of the tort and whom he subsequently marries " (30 C. J. 962) seems never to have been questioned. Other digests (13 R. C. L. 1411, 1412; 4 Ann. Cas. 209) enunciate the same principle. The authority which seems to be the basis for the statements in these digests is that of *Reading* v. *Pennsylvania R. R. Co.* (52 N. J. L. 264; 19 A. 321). Other decisions in New Jersey, Georgia and West Virginia follow and approve the *Reading* case (*Mead* v. *Baum*, 76 N. J. L. 337; 69 A. 962; *Wrightsville & Tennille R. R. Co.* v. *Vaughan*, 9 Ga. App. 371; 71 S. E. 691; *Georgia Northern R. Co.* v. *Sharp*, 19 Ga. App. 503; 91 S. E. 1045; *Booth* v. *B. & O. R. R. Co.*, 77 W. Va. 100; 87 S. E. 84).

These cases hold that an unmarried woman's cause of action for negligent injury becomes complete at the time of the accident; that the man who later marries her loses nothing by her disability; that the husband had never possessed or been entitled to that which had suffered impairment; that the unmarried woman's injury to her earning capacity was a chose in action and the right to sue for such impairment did not inure to her husband upon their subsequent marriage; that the wife and not the husband suffered the loss and she could recover for impairment of her earning power after marriage; that a man did not marry a cause of action; that a husband who married a woman who prior to her marriage was injured by the negligent conduct of another stood as any other husband who marries a woman who had been crippled from birth; in other words, that in the eyes of the law, a man marries a woman as is, upon the principle of *caveat emptor*, as one might purchase an article of merchandise in the open market; that a husband is entitled to no more service than his wife was able to give at the time of the marriage. Although the question

does not seem to have been presented, it must follow, if that reasoning is sound, that the husband cannot be compensated for medical expenses incurred by him in an endeavor to cure his wife of injuries which were caused before marriage by the negligence of a third party.

These decisions lose their force in the light of the reasoning in the case of *Radley* v. *Leray Paper Co.* (214 N. Y. 32), above cited. The court did not hold that the wife took her husband in the condition in which he was at the time of the marriage, but that her cause of action related back to the time of the injury to the husband. The gravamen of the husband's claim is the negligent injury to the woman whom he later marries.

The complaint in this case is squarely based upon loss of household services and medical expenses. For such loss of service and expenses the husband alone can sue. (*Brooks* v. *Schwerin*, 54 N. Y. 348; *Thuringer* v. *New York Central & H. R. R. R. Co.*, 71 Hun, 526; *Reynolds* v. *Robinson*, 64 N. Y. 589; *Beau* v. *Kiah*, 4 Hun, 171, 172.)

The time of the marriage is immaterial, as the damages commenced to accrue at the time of the accident. The earning capacity of the unmarried woman may remain her separate estate after marriage, but this has no effect upon those duties which a wife owes to her husband. (*Stevens* v. *Cunningham*, 181 N. Y. 454; *Martin* v. *Bronx County Trust Co.*, 237 App. Div. 246.) True, likewise, the right of an injured unmarried female to sue for injuries may be a chose in action not assignable and forever remains her right. This is not her cause of action, but the husband has brought his own cause of action. The loss of capacity to perform household duties is the husband's loss. The medical expenses which were her responsibility became her husband's upon marriage. There is no duplication of damage. There is a single wrong which calls for compensation, and it is the law of marriage that lifts from the shoulders of the wife the burdensome consequences of the negligence of the wrongdoer and places that burden through marriage upon the shoulders of the husband. To say that the husband is remediless is not only to say that there has been a wrong without a remedy, but that a wrongdoer has escaped the consequences of his wrongdoing because two persons have entered into a marriage. The complaint in this action sets forth facts sufficient to constitute a cause of action in favor of the plaintiff, not only for loss of his wife's household services, but also for medical expenses incurred and to be incurred in an effort to cure her of the injuries alleged to have been caused by the negligence of the defendant.

Motion denied, with ten dollars costs.