30415.   DYER *v.* THE STATE.

DECIDED APRIL 20, 1944.

W. P. *Martin,* E. C. *Brannon,* for plaintiff in error.

G. *Fred Kelley, solicitor-general, John E. Frankum,* contra.

BROYLES, C. J. The defendant was convicted of larceny from the person, and his motion for a new trial was overruled. The evidence connecting him with the offense, while wholly circumstantial, was sufficient to exclude every reasonable hypothesis save that of his guilt. It follows that the general grounds of the motion for new trial are without merit.

Special ground 1 complains of the following excerpt from the charge: "The object in all legal investigations is the discovery of truth and the rules of evidence are framed to that prominent end. Direct evidence is that which points immediately to the question at issue, and indirect or circumstantial evidence is that which only tends to establish or prove the issue by the proof of various facts and circumstances sustaining by their consistency the hypothesis claimed. And before you would be authorized to convict upon circumstantial evidence alone, the proven facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis. And the term 'hypothesis' as used in that connection means such reasonable inferences or such reasonable deductions as an ordinary prudent man would draw in the light of his knowledge of human conduct and human behavior." The charge is objected to because it did not employ the exact language of the Code, § 38-109, and especially because it failed to state that the proved facts shall exclude every other reasonable hypothesis *save that of the guilt of the accused,* the words in italics not appearing in the excerpt. The code section reads as follows: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."

While the better practice, in charging a Code section, is to use its exact language, it is not error to employ language that means substantially the same thing as the language of the Code. In other words, where a charge is substantially, and in effect, the language of the statute, the jury is not misled, the cause of the accused is not prejudiced, and no harm results. In *Coney* v. *State,* 18 *Ga. App.* 112 (88 S. E. 918), this court held that in criminal cases, where the guilt of the accused is wholly dependent upon circumstantial

evidence, it is the duty of the judge to instruct the jury *to the effect* that if the hypothesis of the defendant's innocence is as reasonable as that of his guilt, he should be acquitted. See also *Sellers v. State*, 36 *Ga. App.* 653 (137 S. E. 912), where this court held that the failure of the court to charge the law of circumstantial evidence in the exact language of the Code was not error.

Special grounds 2 and 3 complain of the action of the court in questioning a defense witness. The grounds allege that "the questions in the way and manner propounded, and some of them being argumentative," were in violation of the spirit of the Code, § 81-1104, in that the court thereby expressed or intimated an opinion that the witness was not telling the truth. The grounds are not meritorious. Where an accused does not object to questions at the time they are propounded to witnesses by the trial judge, and does not move for a mistrial or to rule out the evidence that has been elicited as the result of the examination conducted by the judge, he can not thereafter complain that the manner in which the judge conducted the examination was a prohibited expression of opinion upon the facts. See *Pulliam* v. *State*, 196 *Ga.* 782, 790 (28 S. E. 2d, 139), where the decision in *Potter* v. *State*, 117 *Ga.* 693 (45 S. E. 37), was expressly overruled.

Special ground 4, complaining of the entire charge of the court, is without merit.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*