32119. FLYNN *et al. v.* THE STATE.

DECIDED OCTOBER 22, 1948.

*Gordon B. Gann,* for plaintiffs in error.

*H. G. Vandiviere, Solicitor-General,* contra.

MacINTYRE, P. J. ■ In special grounds one, two, four, and six the defendants amplify their contention in the general grounds that the evidence does not authorize the verdict, and say that the circumstantial evidence which was introduced by the State, and upon which they were found guilty of possessing non-tax-paid liquor, was insufficient to exclude every other reasonable hypothesis save that of their guilt.

From the evidence and the statements of the defendants, which we have hereinbefore set out, the jury were authorized to find: that Marshall Bryant saw Harlie Flynn and Odell Battle going out of the woods toward the river, though he did not actually see them at the still nor did he see anything which they may have been carrying; that Mrs. Mamie Flynn fired a gun to warn of the approach of the officers; that the officers heard someone going through the woods and heard bottles rattle when they were set down, and subsequently found 27 or 28 pint bottles filled with non-tax-paid whisky; that Flynn and Battle came up across the

cornfield together from the direction of the river toward which they were headed when Bryant saw them and from which came the sound of the rattling bottles; that numerous pint jars were found around the Flynn yard and premises, some with the odor of liquor therein; that several automobiles drove up and left hastily at sight of the officers; that while there was an old road going by the spring, it was closed off by a log, and that the most frequented paths thereabout were those from the Flynn house to the spring and from the spring to the still; that Flynn's defense of being hunting with his dogs was discredited by Bryant's testimony that the dogs were in a pen back of the house when the raid was made; and that Battle's defense, that he was just coming up to get water when he ran into Flynn and came on up with him, was discredited by the fact that Battle's corroborating witness became confused upon cross-examination as to the time of Battle's leaving to go for water, and also by Bryant's testimony that he saw the two going down out of the woods toward the river together, and by Bryant's testimony that the raid was in the afternoon, and not in the morning.

We think that the jury were authorized to find that these and other circumstances appearing in the evidence, when considered as a whole, excluded every reasonable hypothesis save that of the guilt of each accused.

■ The court charged the jury: "Now, gentlemen, the object of all legal investigation is the discovery of the truth. Direct evidence is that which points immediately to the question at issue. Indirect or circumstantial evidence is that which tends to establish the issue by proof of various facts and circumstances sustaining by their consistency the hypothesis claimed. Before you would be authorized to convict upon circumstantial evidence alone, the proven facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused." The defendant contends in special ground three that this charge was error, on the ground that the court did not therein instruct the jury "that the evidence should be so conclusive as to exclude reasonable doubt," because "the proved facts, together with the statements of the defendants, clearly establish an hypothesis consistent

with his innocence and sufficient to create a reasonable doubt of their guilt."

Code § 38-109 defines the degree of proof necessary to sustain a conviction on circumstantial evidence, and is as follows: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." The court elsewhere in its charge instructed the jury that "the burden of establishing the defendant's guilt by proof to a moral and reasonable certainty and beyond a reasonable doubt" was upon the State; and it here, in the charge assigned as error, gave the correct definition of direct evidence and indirect or circumstantial evidence (Code, § 38-102), and charged the jury in the words of Code § 38-109 on the degree of proof necessary to sustain a conviction on circumstantial evidence. It was not error to omit further instructions elaborating this portion of the charge or attempting an explanation of its meaning. *Martin* v. *State*, 193 *Ga.* 824, 830 (20 S. E. 2d, 266); *Lanier* v. *State*, 141 *Ga.* 17 (1) (80 S. E. 5); *Seats* v. *State*, 122 *Ga.* 173 (3) (50 S. E. 65); *Moughon* v. *State*, 57 *Ga.* 102, 103 (6); *Dyer* v. *State*, 71 *Ga. App.* 41, 42 (29 S. E. 2d, 922). This ground shows no reversible error.

■ The defendants were on trial under an indictment filed July 23, 1947, charging them with having, controlling, and possessing on June 14, 1947, non-tax-paid liquor. The court allowed in evidence testimony that in November, 1947, an officer found one pint of such liquor "right out back of his [the defendant Flynn's] house," over the objection that it was immaterial, irrelevant, and prejudicial to the defendants, the finding of such non-tax-paid liquor having occurred subsequently to the return of the indictment under which the defendants were on trial. The overruling of this objection is assigned as error in special ground five.

The court admitted such testimony with the statement: "If it occurred subsequent to this indictment, no conviction of the defendants could be based upon this testimony"; and the court in its charge specifically instructed the jury to this effect. The court did not err in admitting the testimony, as the fact stated therein was a circumstance which the jury would be authorized to consider in connection with the other evidence in the case in

determining the guilt of the accused in having, possessing, and controlling non-tax-paid liquor as charged in the indictment. *Cole* v. *State,* 120 *Ga.* 485 (48 S. E. 156); *Jones* v. *State, 32 Ga. App.* 7 (122 S. E. 738); *Jenkins* v. *State,* 24 *Ga. App.* 542, 543 (2) (101 S. E. 691); *Craig* v. *State,* 9 *Ga. App.* 233 (70 S. E. 974). This ground is not meritorious.

■ The evidence authorized the verdict finding the defendants each guilty of possessing non-tax-paid liquor, and the court did not err in overruling the motion for a new trial for any reason assigned.

*Judgment affirmed. Gardner, J., concurs. Townsend, J., concurs specially.*

TOWNSEND, J., concurring specially. The 5th ground of the amended motion for a new trial complains that the court allowed certain testimony over proper and timely objection. The question, the answer, the statement of counsel and the ruling of the court appear in said ground as follows: "Q. Along in November of last year did you find any liquor there at Flynn's? A. Yes, sir, right out back of his house, one pint. Movants objected to this testimony upon the ground that it was immaterial, irrelevant, and prejudicial to movants, it having alleged to have occurred subsequent to the return of the indictments upon which movants were on trial for. The Court: I overrule the objection, with this statement—it having occurred subsequent to the return of this indictment. Mr. Vandiviere: It was subsequent to this indictment, but this is purely in rebuttal of the defendant's statement that he had never had any liquor down at his place. The Court: If it occurred subsequent to this indictment no conviction of the defendant could be had based upon this testimony." The court in its charge, specifically instructed the jury to this effect.

The indictment was filed July 23, 1947. It charged the defendants with having, controlling, and possessing non-tax-paid liquor on June 14, 1947. The November referred to in the testimony was November, 1947, or several months subsequent to both the filing of the indictment and the date upon which the indictment alleged the offense occurred. It further appears that the solicitor-general offered the evidence in rebuttal of the statement of the defendant, Harlie Flynn, who in his statement said that

"They have searched time and again down there and never found anything at all."

I think that the evidence is admissible against the defendant, Harlie Flynn, only for the purpose of rebutting his statement. It is not inadmissible because it is a transaction that occurred subsequent to the indictment. (See cases cited in division 3 of the decision herein.) It matters not whether the other transactions occur before or after indictment if otherwise admissible. The general rule is, of course, that such evidence is not admissible. It is never admissible except in cases where the defendant has himself put his character in issue, where its chief or only probative value consists in showing that the defendant is, by reason of his bad character (demonstrated through a criminal career), more likely to have committed the crime than he otherwise would have been. To admit such evidence, it must have relevancy and probative value from some other point of view. See *Lee* v. *State*, 8 *Ga. App.* 413 (69 S. E. 310). Except for the fact that this evidence tends to rebut the statement of the defendant, Harlie Flynn, I think it too remote, isolated, and unconnected with the crime charged in the indictment to be admissible.

I think that it was erroneously admitted against the other two defendants. However, the statement made by the solicitor-general to the effect that it was being offered only in rebuttal of the statement of Harlie Flynn, and the ruling of the court then made and later reiterated in his charge to the effect that no conviction could be based upon this testimony, rendered this error harmless. It affirmatively appears that this evidence had no connection with the other two defendants.

I therefore concur in all that is said in the decision except headnote 2 and division 3 of the decision. In these I concur specially as herein outlined.