### 50281. MURRAY v. THE STATE.

CLARK, Judge.

This is an appeal from a conviction and sentence on two counts for cruelty to children. We do not deem it necessary to detail the evidence, which was sufficiently sadistic that the trial judge saw fit to impose the maximum sentence of five years on each count to be served consecutively with the latter period to be on probation.

1. The first two assignments of error contend the trial court erred in refusing to sustain a motion for directed acquittal on each count. Such motion is permitted "Where there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom, shall demand a verdict of acquittal or 'not guilty.' " Code Ann. § 27-1802 (a). Although the evidence here is entirely circumstantial, it did not warrant a directed acquittal. This is particularly true in that "What is cruel and unreasonable treatment of a child is primarily a question for a jury." *Crowe v. Constitution Publishing Co.,* 63 Ga. App. 497, 507 (11 SE2d 513). Accordingly, the trial court did not err in refusing to sustain the accused's motions.

2. The third and fourth enumerations of error are based upon the contention that the evidence is not sufficient to sustain a conviction on either count. As appellant's able advocate asserts at page 15 of his brief: "There is a difference, though slight, between a motion for new trial on the general grounds (that the evidence was insufficient to support the verdict) and a motion for a verdict of not guilty which is demanded by the evidence." This difference was pointed out and discussed in *Willingham v. State,* 131 Ga. App. 851, 852 (2) (207 SE2d 249).

The evidence here was entirely circumstantial. No witness testified as to seeing defendant commit the specified acts upon either child. The applicable rules are: (a) "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused" (Code § 38-109); (b) "Circumstantial evidence that excludes every reasonable hypothesis is sufficient to authorize conviction in a criminal case, although it does, not remove every possibility of the defendant's innocence" (*Eason v. State,* 217 Ga. 831 (2) (125 SE2d 488)); (c) "Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused, is primarily a question for determination by the jury. This of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors" (*Smith v. State,* 56 Ga. App. 384, 387 (192 SE 647); *Townsend v. State,* 115 Ga. App. 529, 531 (154 SE2d 788)). Measured by these standards, we find no merit in the third and fourth enumerations.

3. The next assignment is based upon an incident which occurred during the trial. After the prosecution had presented all of its evidence including ten photographs of the two children, the district attorney stated his intention to conclude the state's presentation by presenting in the courtroom the two children, who were 3 and 2 years old. Defense attorney objected that this would be solely for inflammatory purposes. The objection was overruled, this being assigned as error. Among the ten pictures previously introduced without objection there were eight showing the physical marks of the injuries. The other two, one of each child, were face photographs showing their attractive appealing countenances. Because of these two photographs already being in evidence, and as the youngsters were produced fully clothed, we do not regard this to be harmful within the ban which forbids evidence aimed solely to arouse passion or prejudice against the accused. See *Bryan v. State,* 206 Ga. 73 (2) (55 SE2d 574).

4. The sixth assignment enumerates error as to the

language of the instruction on circumstantial evidence. When reviewed in the context of the entire charge, the verbiage objected to does not constitute error. As was said in *Reynolds v. State,* 23 Ga. App. 369 (98 SE 246) and quoted approvingly in *Sellers v. State,* 36 Ga. App. 653 (137 SE 912): " 'While in every criminal case where the guilt of the accused depends wholly upon circumstantial evidence, it is the duty of the court, even in the absence of a written request, to charge the law of circumstantial evidence, *it is immaterial what language is employed to convey this instruction,* if every possible hypothesis arising from the circumstantial evidence, favorable to the defendant, be presented in concrete statement to the jury, and if they are instructed that if they believe any one of these hypotheses the defendant should be acquitted.' "

5. The next assignment attacks that portion of the charge in which the court charged the language of paragraph (a) of Code Ann. § 26-801 that "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." Although appellant's advocate argues this inferred a conspiracy between the accused and the mother of the children, we are unable to accept such assertion. This statutory definition was neither misleading nor prejudicial.

6. The final enumeration attacks the bracketed language in this instruction: "I further charge you that a mother who has the right to control and correct a child may authorize another in her presence to reasonably chastise a child for disobedience, and if he does so in a [reasonable and] proper manner, he is not guilty of abusing said child [provided, however, that a mother's authorization shall in no way justify the infliction of cruel and excessive physical or mental pain]." The bracketed words were added by the trial judge to the defendant's request to charge. That request was a quotation from *Harris v. State,* 115 Ga. 578 (41 SE 983). The words "reasonable and" plus the concluding words taken from Code Ann. § 26-2801 which defines the crime of cruelty to children was a correct statement of the applicable law. In the light of the defendant's contention that he had been authorized by the mother of the children to discipline

them, we do not regard the court's addition of the bracketed words to be other than a proper statement of the law on the right of another to control and correct a child.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED MARCH 10, 1975 — DECIDED APRIL 17, 1975 — REHEARING DENIED JULY 1, 1975.

■■■■■■■■■

*Smith, Smith & Frost, John H. Smith,* for appellant.
*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney,* for appellee.